587 A.2d 4

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**William BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 12, 1990.

Filed Feb. 21, 1991.

Chris R. Eyster, Asst. Public Defender, Pittsburgh, for appellant.

Scott A. Bradley, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before CAVANAUGH, POPOVICH and BROSKY, JJ.

CAVANAUGH, Judge:

Appellant, William Brown, challenges his conviction and sentence for charges stemming from his possession of an illegal firearm.[1]  Mr Brown was charged on July 12, 1989 with violation of 18 Pa.C.S.A. § 6106 Firearm Not To Be Carried Without a License, and 18 Pa.C.S.A. § 908 Prohibited Offensive weapon.  After a non-jury trial, appellant was convicted and sentenced to a term of imprisonment of not less than six to not more than sixty months.  On appeal Mr.

1.  Police, responding to a report of a man with a gun, observed appellant running from the general area carrying a duffle bag.  Later, it was determined that the duffle contained a loaded sawed-off shotgun.

Brown asserts that 1) trial counsel was ineffective for failing to request witness sequestration, and 2) the sentencing court abused its discretion by imposing a maximum term equal to the statutory maximum. The second assertion is a matter of first impression in this court. For the reasons set forth below, we affirm.

■ Appellant asserts that trial counsel was ineffective for failing to request sequestration of potential witnesses. An essential element of appellant's ineffectiveness of counsel is a showing that his counsel's actions prejudiced him. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). This first claim is factually meritless.

Appellant claims that he is unable to show prejudice but that prejudice should be inferred in this case because the failure to request sequestration allowed the witnesses to conform their testimony. After reviewing the transcript we are convinced that it is not possible for appellant to show he was prejudiced by his trial counsel's action. At trial appellant admitted to all the factual allegations set forth by the Commonwealth. His testimony was consistent to that of the Commonwealth's witnesses in every material aspect. The only facts alleged by appellant inconsistent with the conviction are that he unwittingly received the weapon enclosed in a duffle bag while extremely drunk and after discovering the bags contents panicked upon seeing the police car and fled. As the trial court noted, this story is not consistent with the presence of the shotgun shell found in appellant's jacket pocket. We see no reason to disturb the conviction.

■ Appellant next asserts that the trial court abused its discretion by imposing a sentence with a possible maximum incarceration period equal to the maximum allowed by statute. This is an appeal from the discretionary aspects of sentence. Initially we note that appellant has submitted a concise statement offering to set forth a substantial question as to the appropriateness of the sentence in compliance with Pa.R.A.P., Rule 2119(f) and *Commonwealth v. Tulad-*

*ziecki,* 513 Pa. 508, 522 A.2d 17 (1987). We find that a substantial question has not been raised.

Appellant's concise statement setting out a "substantial question" consists of the following:

> While the minimum sentence imposed is within the guideline's [sic] standard range, the maximum sentence is the statutory maximum. There is no indication that such a severe sentence is necessary, and, the trial court, at sentencing and in its opinion, focuses on the minimum sentence without regard to the character and needs of appellant and the potential maximum sentence, all in violation of the sentencing code.

This statement does not set out a substantial question as to the appropriateness of the sentence. By their terms, the guidelines apply only to the minimum sentence imposed by the trial court. 42 Pa.C.S.A. § 9721.[2] Appellant concedes that the six month minimum imposed is within the guidelines' standard range. The maximum sentence imposed is within the legal maximum for first degree misdemeanors. 18 Pa.C.S.A. § 1104(a). We find that when the sentence is within the range prescribed by statute, a challenge to the maximum sentence imposed does not set forth a substantial question as to the appropriateness of the sentence under the guidelines. Therefore, we deny the petition for appeal and dismiss it.

Judgment of sentence affirmed.

---

2. All guideline sentence ranges are months of minimun confinement as defined in 42 Pa.C.S.A. § 9755(b) and § 9756(b) (relating to partial and total confinement). 204 Pa.Code § 303.9(a).