**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Russell H. LEBO, Appellant.**

Superior Court of Pennsylvania.

Submitted March 31, 1998.

Filed June 24, 1998.

William Costopoulos, Lemoyne, for appellant.

D. Peter Johnson, District Attorney, Lewisburg, for Com., appellee.

Before JOHNSON, STEVENS and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This appeal requires us to consider whether a trial court may impose an Accelerated Rehabilitative Disposition (ARD) condition that authorizes a county parole office to provide the specific terms of the program. We find that the trial court may do so and accordingly affirm.

Russell H. Lebo (appellant) was charged with indecent assault[1] and corruption of minors[2] on September 28, 1995. Before trial, the Union County Court of Common Pleas admitted appellant to ARD. Among other conditions, the trial court required appellant to "be supervised by the Union County Adult Probation Office and comply with all the rules and regulations as imposed by that office." Order of May 17, 1996 (filed June 12, 1996). The Union County probation office attempted to transfer appellant's case to the Dauphin County office upon discovering that appellant resides in Dauphin County. Dauphin County, however, refused to accept appellant's case unless appellant agreed to participate in sexual offender group therapy and to allow random searches of his home for pornographic materials. Appellant refused to accept these requirements.

The matter was returned to the trial court on a motion to terminate appellant's participation in ARD. The trial court found that, by accepting the supervision of the probation office, appellant agreed to accept requirements imposed by the office as a condition of his continued participation in ARD. The court then offered appellant an opportunity to submit to the Dauphin County requirements and continue in ARD. Appellant refused. Consequently, his ARD participation was terminated. The case was then tried before a jury. Appellant was convicted of corrupting minors but acquitted of indecent assault. The court sentenced appellant to a sixty-day-to-four-year term of incarceration and a $5,000 fine. Post-trial motions were filed and denied. This timely appeal followed.

Appellant presents three questions for our review.

A. Whether the trial court abused its discretion in removing appellant from the ARD program where appellant refused to abide by unreasonable, illegal and unconstitutional ARD conditions imposed subsequent to his admission to said program, which conditions appellant neither consented to nor received notice of prior to his acceptance into the ARD program[.]

B. Whether trial and appellate counsel[3] were ineffective for failing to raise and preserve for appeal the issues of whether the imposition of a $5,000 fine against appellant was manifestly excessive under the facts of the case where appellant had no prior record and was acquitted of indecent assault but convicted of corruption of minors, whether the fine was based on impermissible factors, and whether it constituted an unlawful and unconstitutional forfeiture[.]

C. Whether trial and appellate counsel were ineffective for failing to raise and

---

1. 18 Pa.C.S. § 3126(a)(1).

2. 18 Pa.C.S. § 6301(a).

3. "Appellate counsel" apparently refers to appellant's counsel during the post-sentencing proceedings, not appellant's current counsel.

preserve for appeal the issue of whether the imposition of a maximum sentence of 4 years imprisonment on appellant was manifestly excessive where appellant had no prior record and was acquitted of indecent assault but convicted of corruption of minors[.]

Appellant's brief at 3 (trial court answer omitted) (footnote added).

 We first consider appellant's claim that the court erroneously terminated his ARD participation. Termination of ARD participation is charged to the sound discretion of the trial court. *See* Pa.R.Crim.P. 184. On appeal we will only reverse an ARD termination where the court abused its discretion or committed an error of law. *See Commonwealth v. Jones*, 437 Pa.Super. 345, 650 A.2d 60, 64 (1994).

At the outset, it is worth repeating our Supreme Court's discussion of ARD policies.

ARD, accelerated rehabilitative disposition, is a pretrial disposition of certain cases, in which the attorney for the Commonwealth agrees to suspend prosecution for an agreed upon period of time in exchange for the defendant's successful participation in a rehabilitation program, the content of which is to be determined by the court and applicable statutes.

Under ARD rules, which [the Pennsylvania Supreme Court] created in 1972 pursuant to our authority to supervise the lower courts, the district attorney has the discretion to refuse to submit a case for ARD, and if the case is submitted for ARD, the court must approve the defendant's admission. These rules, which appear at Pa.R.Crim.P. 175–185,[4] also provide that the defendant must agree to the terms of the ARD, and that after he has completed the program successfully, the charges against him will be dismissed, upon order of court. If he does not complete the ARD successfully, he may be prosecuted for the offense with which he was charged. The district attorney's utilization of ARD is optional under the rules.

The impetus behind the creation of such rules was the belief shared by the President's Commission on Law Enforcement and the Administration of Justice that some "cases which are relatively minor or which involve social or behavioral problems ... can best be solved by programs and treatments rather than by punishment." *Commonwealth v. Lutz*, 508 Pa. 297, 495 A.2d 928, 931 (1985) (footnote and citation omitted).

 Appellant first argues that therapy participation and random pornography searches are ARD conditions impermissibly imposed after appellant was admitted to the program. Appellant contends that he is entitled to the benefit of the bargain reached when he surrendered his right to a speedy trial. We first note that courts have broad authority to modify ARD conditions. Rule 182 provides that "[t]he conditions of the program may be such as may be imposed with respect to probation after conviction of a crime, including restoration, except that a fine may not be imposed." Pa.R.Crim.P. 182. Section 9771(a) of the Judicial Code specifically provides courts with authority to modify the conditions of probation orders. 42 Pa. C.S. § 9771(a). Thus, courts are likewise authorized to modify ARD conditions. If new conditions are unacceptable to the ARD participant, she or he may withdraw from the program and proceed to trial.

 In this case, however, the trial court concluded that its original order incorporated the new terms. Opinion of June 24, 1997 (filed June 25, 1997). The court found that appellant agreed to supervision by the probation office, including new terms imposed by that office. A trial court is entitled to great deference in the interpretation of its own orders. "Appellate review of a trial court's actions relies heavily upon the sound discretion of the trial judge. Reversal occurs only in the event that a clear abuse of the trial court's discretion is evident." *See Commonwealth v. Restauri*, 444 Pa.Super. 593, 664 A.2d 593, 596–97 (1995). This is especially true when an appellate court reviews a trial

---

**4.** Pa.R.Crim.P. 186 relating to expungement upon successful completion of ARD was added in 1989.

court's interpretation of its own orders in an area particularly assigned to the court's discretion. *See generally Equipment Finance, Inc. v. Toth,* 328 Pa.Super. 351, 476 A.2d 1366 (1984) (explaining the great deference given trial courts in interpretation of their own rules). A clearer expression of the court's intent would be preferable. As worded the condition is easily misread to merely authorize the probation office to administer the other conditions provided in the order and to apply general rules and regulations. Nevertheless, we find no abuse of discretion in the court's interpretation of its May 17 order. When read as a whole, the court's interpretation is reasonable. All other conditions in the order relate to payment for the program and to societal protection from appellant. If we rejected the court's interpretation, the order would be devoid of rehabilitative conditions, which is clearly counter to the policies of ARD. Accordingly, we find that appellant agreed to accept the requirements imposed by the probation office as a condition of his participation in the ARD program.

■ Appellant responds that even if he agreed to the supervision of the Union County probation office, he never agreed to Dauphin County's supervision. When confronted with similar administrative errors in the past we have required the trial court to correct the error and then afford the defendant an opportunity to complete the ARD program. *See Commonwealth v. McSorley,* 335 Pa.Super. 522, 485 A.2d 15 (1984), *aff'd per curiam,* 509 Pa. 621, 506 A.2d 895 (1986). Here, the court clarified the program conditions and offered appellant a chance to comply, which was rejected. Hence, the court correctly dealt with the administrative error.

■ Next, appellant contests the court's authority to fashion an ARD order that authorizes a probation office to determine the specific conditions of the program. *See* appellant's brief 18–22 (arguing that the rules of criminal procedure require the judge to state all conditions of the program in open court). Appellant concedes that the administering authority must be permitted some minor tailoring, but contends that all major conditions must be specified by the court

before the program begins. We disagree. As noted, ARD conditions are permitted such as "may be imposed with respect to probation after conviction of a crime." Pa. R.Crim.P. 182. We have recognized that a sentencing court may authorize the probation office to provide specific conditions when imposing probation. *See Commonwealth v. Martin,* 262 Pa.Super. 113, 396 A.2d 671 (1978). Moreover, conditions that allow an administering authority to later specify the terms of the program are particularly important for attaining the rehabilitative goals of ARD. This point is succinctly explained in the trial court opinion.

> In this case, as in all similar cases in this county, the probation office is entrusted with the details of supervision. The nature of the case will frequently direct the efforts of [the probation office] toward counseling, or random drug screens, or other appropriate interventions. Often that office will not receive the necessary information to fashion the specific conditions until after enrollment; defendants are historically reluctant to admit guilt or personal issues before they are accepted into the program.

Opinion of June 24, 1997, at 3.

■ Appellant also contends that the requirements of the Dauphin County probation office unconstitutionally infringe on his right to privacy and his right against self-incrimination. Appellant, however, never raised these concerns in the trial court. Accordingly, this issue is waived. *See* Pa.R.A.P. 302(a); *Brown v. Philadelphia Tribune Co.,* 447 Pa.Super. 52, 668 A.2d 159 (1995) (explaining that even issues of constitutional dimension are waived if not first addressed to the trial court). *Cf. Commonwealth v. Widmer,* 547 Pa. 137, 689 A.2d 211 (1997) (discussing issue preservation under Pa.R.Crim.P. 1410). We note, however, that appellant voluntarily entered ARD and agreed to the supervision of the probation office. Therapy and pornography searches are clearly reasonable requirements in a rehabilitation program for an accused sex offender.

■ Appellant's remaining questions challenge the effectiveness of trial and post-

sentencing counsel in failing to challenge various aspects of his sentence.[5] We employ a three-prong test when evaluating ineffectiveness of counsel.

> The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim. Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his [or her] client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective. If we determine that there was no reasonable basis for counsel's chosen course then the accused must demonstrate that counsel's ineffectiveness worked to his [or her] prejudice. The burden of establishing counsel's ineffectiveness is on the Appellant because counsel's stewardship of trial is presumptively effective.

*Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194–95 (1994) (citations omitted). Where an appellant presents a claim of arguable merit, and there has been no evidentiary hearing in the trial court, we ordinarily remand to permit the parties to develop the record. *See Commonwealth v. Savage*, 695 A.2d 820 (Pa.Super.1997). Where, however, the record demonstrates that the claim lacks arguable merit, or that no prejudice resulted, no evidentiary hearing is needed. *See Commonwealth v. Edmiston*, 535 Pa. 210, 237–38, 634 A.2d 1078, 1092 (1993).

 Appellant contends that counsel should have preserved three questions pertaining to the discretionary aspects of his sentence. This Commonwealth does not afford criminal appellants a right to review of the discretionary aspects of a sentence. *See*

*Commonwealth v. Chilcote*, 396 Pa.Super. 106, 578 A.2d 429, 435–37 (1990). Instead review is only available where appellant raises a substantial question as to whether his sentence was appropriate under the Sentencing Code as a whole. *Id.* 578 A.2d at 437–38. The term of appellant's incarceration and the amount of his fine are within the legal limits prescribed by statute. *See* 18 Pa.C.S. § 6301 (identifying corruption of minors as a misdemeanor of the first degree); 18 Pa.C.S. § 1104 (permitting a term of up to five years total confinement for a misdemeanor of the first degree); 18 Pa.C.S. § 1101(4) (permitting a fine of up to $10,000 for a misdemeanor of the first degree). Appellant does not challenge the court's application of the Sentencing Guidelines and concedes that his sentence is within the standard range. *See* appellant's brief at 7.

 First, appellant alleges counsel should have preserved the question of whether appellant's sentence is excessive.[6] Where a sentence is within the legal limits, a claim of excessiveness does not present a substantial question. *See Commonwealth v. Wagner*, 702 A.2d 1084, 1085 (Pa.Super.1997); *see also Commonwealth v. Brown*, 402 Pa.Super. 365, 587 A.2d 4, 5–6 (1991) (explaining that a claim based on the length of the maximum sentence does not present a substantial question). Accordingly, counsel cannot be deemed ineffective for failing to preserve the issue.

 Second, appellant asserts counsel should have challenged the court's failure to inquire into his ability to pay the $5,000 fine. A court's failure to inquire into ability to pay before imposing a fine presents a substantial question. *See Commonwealth v. Fusco*, 406 Pa.Super. 351, 594 A.2d 373, 374 (1991). The record reflects, however, appellant's testimony that he regularly carries $7,000. Notes of Testimony 2/11/97, at 126. The court referenced this testimony when imposing the fine. Accordingly, we find that the court adequate-

---

**5.** Appellant waived direct challenges to the discretionary aspects of his sentence by failing to raise the issues at either the sentencing hearing or in his post-sentence motions. *See Commonwealth v. Clinton*, 453 Pa.Super. 385, 683 A.2d 1236, 1239–40 (1996).

**6.** These questions are reordered for purposes of discussion.

ly inquired into appellant's ability to pay. Thus, counsel cannot be faulted for failing to preserve the issue.

Third, appellant asserts that counsel should have challenged the court's reliance on impermissible factors. This presents a substantial question. *See Commonwealth v. Mickell*, 409 Pa.Super. 595, 598 A.2d 1003, 1007 (1991). The only impermissible factor identified by appellant, however, is the court's reference to the money appellant regularly carries. As noted, this reference was a necessary inquiry into appellant's ability to pay. Counsel cannot be faulted for failing to preserve the issue.

 Appellant also contends that counsel was ineffective for failing to challenge the $5,000 fine as an unconstitutional forfeiture and as unconstitutionally excessive. Because appellant challenges the constitutionality of his sentence, these claims relate to the legality, rather than the discretionary aspects, of the sentence. *See Commonwealth v. O'Neil*, 393 Pa.Super. 111, 573 A.2d 1112, 1114–15 (1990) (treating a claim premised on the Eighth Amendment of the U.S. Constitution as related to legality of the sentence). *Cf. Commonwealth v. Wilkins*, 369 Pa.Super. 467, 535 A.2d 645 (1988) (holding that a constitutional challenge to the guidelines did not question the constitutionality of the sentence and was, therefore, related to the discretionary aspects). Counsel cannot be faulted for failing to preserve these issues because challenges to the legality of a sentence are not waived by failure to raise them at the sentencing proceeding or in post-sentence motions. *See Commonwealth v. Jones*, 427 Pa.Super. 345, 629 A.2d 133, 136 (1993). Moreover, we note that appellant's underlying claims lack arguable merit. Appellant contends that the court imposed the fine because the cash was related to his crime and that he, therefore, can only be deprived of it through forfeiture proceedings. *See* appellant's brief, 28–29. It is entirely appropriate, however, for a court to impose a fine designed to exhaust assets used in the commission of the crime. In fact, the Sentencing Guidelines require the court to consider imposing such a fine in certain instances. *See* 204 Pa.Code § 303.14(a)(2).

 We reject utterly appellant's claim that a $5,000 fine is constitutionally disproportionate to the offense he committed. Appellant solicited sexual favors from a sixteen-year old girl. Towards this end, he callously preyed on her, and her family's, trust. The General Assembly has determined that such offense may merit five years of total confinement and a $10,000 fine. *See* 18 Pa.C.S. § 6301; 18 Pa.C.S. § 1104; 18 Pa.C.S. § 1101(4). We cannot disagree. In short, all appellant's claims relating to the effectiveness of his prior counsel lack arguable merit.

Judgment of sentence affirmed.

Concurring Opinion by JOHNSON, J.

JOHNSON, Judge, concurring.

I concur in the sound result reached by the Majority. I agree that Lebo has waived the issue of whether the special conditions imposed by the Dauphin County probation office subsequent to his admission into the Accelerated Rehabilitative Disposition (ARD) program unconstitutionally infringe on his right to privacy and his right against self-incrimination. I also agree that Lebo's trial counsel was not ineffective for failing to (1) preserve the question of whether his sentence was excessive; (2) challenge the trial court's failure to inquire into his ability to pay before imposing a fine; (3) challenge the trial court's reliance on impermissible factors in determining the amount of the fine to be imposed; and (4) challenge the fine as an unconstitutional forfeiture and as unconstitutionally excessive.

I write separately, however, because I disagree with the proposition that in order to resolve the issue of whether the court erroneously terminated Lebo's participation in the ARD program, this Court must first address the issue of whether a court may impose an ARD condition that authorizes a county parole office to provide the specific terms of the program. Instead, I believe the issue is simply whether the court abused its discretion in finding that the special conditions were properly imposed and in revoking Lebo's probation and removing him from the ARD program because he refused to comply.

The fact that Lebo agreed to be supervised by the Union County probation office and to comply with all the rules and regulations as imposed by that office is clear from the Order dated May 17, 1996, and the Union County Adult Probation ARD Conditions form signed by Lebo on the same date. Lebo, however, is not contesting his agreement to comply with the conditions imposed by Union County. Rather, Lebo contests the subsequent imposition of conditions by the Dauphin County probation office. While acknowledging that not all terms can possibly be spelled out before acceptance, Lebo contends that he never agreed to comply with any conditions to be imposed by the Dauphin County probation office. According to Lebo, special conditions, such as unannounced searches of his home for pornographic materials and participation in a program for sexual offenders, must be jointly agreed to by the prosecutor and the defendant *before* acceptance into the program.

Although the Majority recognizes that a court has the authority to modify the conditions of an ARD order, the Majority supports its conclusion that Lebo agreed to the imposition of the special conditions by relying on the court's authority to interpret its own orders. Consequently, in the instant case, the order would be devoid of rehabilitative conditions if the court's interpretation were not followed. I do not believe, however, that this is an instance of a court interpreting its own order. In my view, this is an instance of a court modifying, rather than interpreting, the conditions of an ARD order. Thus, I believe the issue can best be resolved by relying on the court's broad authority to modify an ARD order and then determining whether Lebo has demonstrated how the court abused its discretion in exercising this authority.

Pennsylvania Rule of Criminal Procedure 182(a) provides that an ARD order may include conditions "as may be imposed with respect to probation after conviction of a crime." Under the statute governing conditions that may be imposed with respect to probation after conviction, the court may order the defendant to "participate in drug or alcohol treatment programs" or to "satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." 42 Pa. C.S. § 9754(c)(12)–(13). In addition, the county probation officer has the authority to make warrantless searches of the property of a person charged with a sexual offense under 18 Pa.C.S. §§ 3121–27 if the property search is a condition of the offender's participation in an ARD program. 61 P.S. § 331.27b(b), (g). Thus, in the instant case, because Lebo was charged with the corruption of minors and indecent assault, the court had the authority to require Lebo to participate in a program for sexual offenders and to submit to random searches of his property for pornography.

Moreover, under 42 Pa.C.S. § 9771(a), the court has the authority to modify the conditions upon which an order of probation was imposed following a conviction. Although no counterpart is contained in the rules governing ARD, the rules do not prohibit the modification of an ARD order. As the court noted, additional conditions must often be imposed subsequent to the ARD order because the probation office does not always receive the information necessary to fashion the specific conditions until after enrollment. For example, in Lebo's case, the Union County probation office learned subsequent to his enrollment that he was a resident of Dauphin County and had a prior ARD in Dauphin County.

In fashioning conditions for admission to an ARD program, discretion is abused when "some criteria for admission [is] wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited circumstances...." *Commonwealth v. Lutz*, 508 Pa. 297, 310, 495 A.2d 928, 935 (1985). A logical corollary is that the program must be administered in a manner that is related to the protection of society and/or the likelihood of a person's success in rehabilitation. Thus, it is my belief that the court has the authority to modify ARD conditions to require a person charged with indecent assault and the corruption of minors to sub-

mit to warrantless searches of his property for pornography and to participate in a program for sexual offenders because such special conditions could properly be imposed as a condition of probation after a conviction and the conditions are clearly related to the goals of the ARD.

The next step, then, is to determine whether Lebo has demonstrated how the court abused its discretion in removing him from the ARD program because he refused to comply with the subsequently imposed conditions. Before an ARD program can be terminated for a violation of the conditions, certain procedural requirements must be met. First, the Commonwealth must file a motion alleging a violation of conditions. Pa. R.Crim.P. 184(b). Next, the judge must provide the defendant with an opportunity to be heard. Pa.R.Crim.P. 184(c). "If the judge finds that the defendant has committed a violation of a condition of the program, the judge may order, when appropriate, that the program be terminated, and that the attorney for the Commonwealth shall proceed on the charges as provided by law." *Id.*

In the instant case, the Union County probation office filed a petition for termination alleging that Lebo had refused to comply with the special conditions imposed by the Dauphin County probation office. A revocation hearing was held in November 1996. A review of the record of the hearing shows that the only witness to testify was the probation officer from Dauphin County who imposed the special conditions. N.T., November 25, 1996, at 8–14. The witness testified that she had dealt with Lebo as his probation officer for two years in an ARD program in Dauphin County beginning in 1991 or 1992. *Id.* at 9, 12. She also testified that although Lebo's criminal record in Dauphin County had not been expunged, she imposed the special conditions on Lebo based solely on her personal recollection of Lebo during the time she was his probation officer. *Id.* at 9, 13–14.

Lebo presented no evidence at the revocation hearing. At the conclusion of the hearing, the court asked Lebo if it was his intention to decline supervision if it involved enrollment in a program for sexual offend-

ers. *Id.* at 14. Lebo told the court that he found such a condition to be unacceptable and illegally imposed and, thus, was "willing to be removed from the program and go to trial." *Id.* at 15–16. The court then found the conditions to have been properly imposed and scheduled the case for trial. *Id.* at 16. Thus, the court complied with the requirements of Pa.R.Crim.P. 184(c).

Lebo argues in his brief to this Court that no real evidence was presented at the hearing to support revocation. Lebo contends that the expunged record of a person who successfully completes an ARD program cannot be used in determining ARD eligibility or whether a current ARD program should be revoked. Assuming arguendo that Lebo's contention is true, it does not apply in this case. In the instant case, the court did not revoke Lebo's probation based on an expunged record of his past ARD. Instead, knowledge of his past ARD, which came to light after enrollment in the program, formed the basis for the imposition of special conditions. As the court noted, specific conditions are often imposed after admission into the ARD program because the information necessary to fashion the specific conditions is often not received until after enrollment, as "defendants are historically reluctant to admit guilt or personal issues before they are accepted into the program." Trial Court Opinion, dated June 14, 1997, at 3.

I would hold, then, that a court may refer to a defendant's past ARD to modify an ARD order and to impose additional conditions where doing so, as in Lebo's case, would help to protect society and/or aid in the rehabilitation of the defendant. Therefore, although I join the Majority in all other respects, I can concur only in the result of this issue.