J-S36008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARLOS S. CANTORAL | |
| Appellant | No. 1935 MDA 2015 |

Appeal from the PCRA Order October 15, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0003513-2012

BEFORE: MUNDY, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MUNDY, J.: **FILED JULY 20, 2016**

Appellant, Carlos S. Cantoral, appeals from the October 15, 2015 order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful consideration, we affirm.

We summarize the procedural history of this case as follows. On January 13, 2012, Officer Timothy Fink, of the West Manchester Township Police Department, charged Appellant with two counts of indecent assault and one count of disorderly conduct[1] in connection with a December 18, 2011 incident where Appellant approached a 15-year-old girl in the make-up aisle of Target and squeezed or pinched her buttocks. After some

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3126(a)(1), 3126(a)(4), and 5503(a)(4), respectively.

continuances, Appellant waived his preliminary hearing and, on June 6, 2012, applied for admittance into the Accelerated Rehabilitative Disposition (ARD) program. The District Attorney approved the application and filed a motion for Appellant's admission into the ARD program. The trial court admitted Appellant into the ARD program with special sex offender conditions on August 24, 2012. One special condition, of which Appellant was advised, was that "[Appellant] shall be required to obtain approval before leaving the jurisdiction of the Court and [Appellant] must secure travel permission before leaving the state." ARD Order and Conditions, 8/24/12, at 2, ¶ 4. The U.S. Immigration and Customs Enforcement agency contacted the clerk of courts, on November 8, 2012, requesting existing and future documentation relative to Appellant's case.

Citing unauthorized travel by Appellant, the York County Office of Adult Probation, on November 14, 2012, petitioned for Appellant's removal from the ARD program.[2] In the meantime, Appellant retained new counsel, who, on November 30, 2012, filed a motion on Appellant's behalf to withdraw from his ARD program and proceed to trial.[3] After a hearing on the Probation Department's motion to remove, held on January 4, 2013, the

---

[2] We note that Pennsylvania Rule of Criminal Procedure 318(A) directs that motions charging a defendant with violation of the conditions of his ARD be initiated by the attorney for the Commonwealth.

[3] Appellant was initially represented by Anthony Sangiamo, Esquire, and subsequently by Matthew Menges, Esquire.

trial court issued an order, filed January 31, 2013, removing Appellant from the ARD program.[4]

Appellant's case eventually proceeded to a jury trial. On January 8, 2015, the jury returned a verdict of guilty on the two indecent assault counts and not guilty on the disorderly conduct charge.[5] On February 23, 2015, the trial court initially sentenced Appellant to six to twenty-three months' with the six months to be served on house arrest with electronic monitoring. The Commonwealth filed a post-sentence motion to modify sentence, averring the sentence as structured was illegal. Commonwealth

---

[4] A transcript of the January 4, 2013 hearing is not contained in the certified record, and it is unclear whether Appellant's motion to withdraw from the ARD program was also addressed at that time. It is also unclear whether the trial court's order was based on a finding of a violation or was a grant of Appellant's motion. The parties and the trial court advance the position that Appellant's removal was based on a grant of Appellant's motion to withdraw. *See* Commonwealth's Brief at 5 (asserting,"[o]n January 4, 2013, [Appellant] withdrew from the ARD program"); Appellant's Brief at 4, 9, 13 (indicating no hearing on Appellant's violation was held and that, on January 4, 2013, Appellant was permitted to withdraw from his ARD program); PCRA Court Opinion, 2/2/16, at 4, 11 (indicating the PCRA court "took judicial notice that Attorney Menges and the Commonwealth had agreed to allow the Appellant to withdraw from ARD," and that the allegation of Appellant's violation of his ARD remains undecided). However, a transcript from a hearing held on January 22, 2013 indicates that the 22nd was the date set to address Appellant's motion to withdraw. The attorney for the Commonwealth opened the hearing as follows. "Your Honor, we're here today on [Appellant's] motion to withdraw from ARD and compel discovery. I believe the ARD portion of that motion would be moot at this point. On January 4th of this year, he was removed from ARD **for failure to abide by the conditions**." N.T., 1/22/13, at 2 (emphasis added). Counsel for Appellant acknowledged that was an accurate statement. *Id.*

[5] After an earlier bench trial, Appellant was granted a new trial based on the inadequacy of the pretrial colloquies.

Motion to Modify Sentence, 3/3/15, at 1-2, *citing* **Commonwealth v. DiMauro**, 642 A.2d 507 (Pa. Super. 1994). The trial court, on March 26, 2015, modified Appellant's sentence to two years of probation with the first six months on electronically monitored house arrest.

On September 15, 2015, Appellant filed a timely, counselled PCRA petition, alleging ineffective assistance of prior counsel for failure to advise him of the immigration consequences of a conviction at the time he was contemplating withdrawing from the ARD program. The PCRA court held an evidentiary hearing on October 9, 2015. On October 15, 2015, the PCRA court denied Appellant's PCRA petition. Appellant filed a timely notice of appeal on November 2, 2015.[6]

Appellant raises the following questions for our review.

> A. Whether Appellant was denied the effective assistance of counsel because defense counsels failed to advise him of the immigration consequences of his criminal charges and the specific procedures and potential immigration consequences of withdrawing from the [ARD] program?
>
> B. Whether defense counsels are *per se* ineffective when they fail to make inquiry into their client's citizenship?
>
> C. Whether under the [PCRA], if it is determined that the appellant received ineffective assistance of

_____

[6] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925. Appellant, now facing deportation, filed on June 28, 2016, a motion before this Court requesting an advance decision in this case. Our disposition of the matter renders Appellant's motion moot.

> counsel, the court may, as an appropriate remedy of relief, vacate a jury verdict and further order the appellant's reinstatement into the ARD program[?]

Appellant's Brief at 2.[7]

We review the denial of a PCRA petition in accordance with the following criteria. "Our standard of review of [an] order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Melendez-Negron***, 123 A.3d 1087, 1090 (Pa. Super. 2015) (citation omitted).

> We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. … The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015) (internal quotation marks and citations omitted). In this case, Appellant claims both of his prior attorneys were ineffective.

> To be entitled to relief on an ineffectiveness claim, [a claimant] must prove the underlying claim is of

---

[7] Appellant has not divided his argument section to correspond with his questions presented on appeal in accordance with Pennsylvania Rule of Appellate Procedure 2119(a). Rather, Appellant advances a single argument encompassing all of his issues. We therefore address Appellant's issues in the same manner.

arguable merit, counsel's performance lacked a reasonable basis, and counsel's ineffectiveness caused him prejudice. **Commonwealth v. Pierce**, 567 Pa. 186, 786 A.2d 203, 213 (2001); **see also Commonwealth v. Pierce**, 515 Pa. 153, 527 A.2d 973 (1987). Prejudice in the context of ineffective assistance of counsel means demonstrating there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. … Failure to establish any prong of the test will defeat an ineffectiveness claim.

**Commonwealth v. Solano**, 129 A.3d 1156, 1162-1163 (Pa. 2015), *quoting* **Commonwealth v. Keaton**, 45 A.3d 1050, 1060-1061 (Pa. 2012) (some citations and footnote omitted).[8] "Trial counsel is presumed to be effective, and a PCRA petitioner bears the burden of pleading and proving each of the three factors by a preponderance of the evidence." **Commonwealth v. Perry**, 128 A.3d 1285, 1289 (Pa. Super. 2015) (citation omitted). "When evaluating ineffectiveness claims, judicial scrutiny of counsel's performance must be highly deferential. Counsel will not be deemed ineffective where the strategy employed had some reasonable basis designed to effectuate his or her client's interests." **Id.** at 1290.

Appellant rests his claim of ineffective assistance of counsel on the applicability of **Padilla v. Kentucky**, 559 U.S. 356 (2010), which held that the risk of deportation, "because of its close connection to the criminal process, [is] uniquely difficult to classify as either a direct or a collateral

_____

[8] The **Pierce** case articulated Pennsylvania's three-part version of the two-part test enunciated in **Strickland v. Washington**, 466 U.S. 668 (1984).

consequence." *Id.* at 366. Accordingly, the Court in *Padilla* held that counsel's failure to properly advise a client of such consequences is subject to the analysis for effective representation under *Strickland*, noting "[t]he weight of prevailing professional norms supports the view that counsel must advise [his or] her client regarding the risk of deportation." *Id.* at 367 (citations omitted). Furthermore, the *Padilla* Court held "there is no relevant difference between an act of commission and an act of omission in this context." *Id.* at 370 (internal quotation marks and citation omitted).

The *Padilla* case arose specifically in the context of counsel's advice in connection with a guilty plea, noting that "[b]efore deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel." *Id.* at 364 (internal quotation marks and citations omitted). We must first determine whether the holding in *Padilla* is applicable to a defendant's decisions regarding participation in an ARD program. Appellant asserts that *Padilla* should apply in the instant case for the following reasons.

> Defendants have a Sixth Amendment right to counsel, a right that extends to all stages of the criminal process including the plea-bargaining process. *Missouri v. Frye*, 132 S.Ct. 1399, 1405, 182 L.Ed.2d 379 (2012); *see also Padilla*, [*supra* at 373]; *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366 (1985); *see McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441 (1970) (defendants are "entitled to the effective assistance of competent counsel "during plea negotiations."). The ARD program is part of that process.

Appellant's Brief at 14.

Neither the PCRA court nor the Commonwealth question this premise and accept, without discussion, that Appellant was entitled to effective assistance of counsel in connection with his decision to withdraw from the ARD program. In agreement with Appellant, we note that Pennsylvania Rule of Criminal Procedure 312 requires a hearing in the presence of a defendant **and his counsel** to admit the defendant into an ARD program. Additionally, Rule 318 requires a hearing in the presence of a defendant **and his counsel** when contemplating removal of the defendant from an ARD program for violation of its conditions. Moreover, this Court has previously addressed ineffective assistance of counsel issues in connection with a counsel's purported failure to pursue a defendant's ARD participation. ***Commonwealth v. Brown***, 504 A.2d 927 (Pa. Super. 1986); ***cf. Commonwealth v. Chazin***, 873 A.2d 732 (Pa. Super. 2005) (subjecting a claim that counsel failed to adequately communicate a Commonwealth plea offer to the ***Pierce*** effectiveness-of-counsel test), *appeal denied*, 887 A.2d 1239 (Pa. 2005). Therefore, we conclude that a represented defendant's decisions surrounding his or her participation in an ARD program require effective assistance of counsel and we proceed to review the PCRA court's determination that Appellant failed to meet his burden to establish ineffective assistance of counsel.

Instantly, in addressing the first two prongs of the **Pierce** test, the PCRA court determined that the evidence supported Appellant's claim that neither of his counsel advised him of the immigration consequences of a conviction or of the advantages of successful completion of the ARD program on his immigration status. PCRA Court Opinion, 2/2/16, at 10. Further, the PCRA court determined that counsels' actions "lacked any reasonable basis where they did not perform a required duty." **Id.** at 11. Accordingly, the PCRA court found that "Appellant met the first two parts of the three-part [**Pierce**] test for ineffectiveness." **Id.**

In considering whether Appellant established the third prong of the **Pierce** test, *i.e.*, that he suffered prejudice as a result of counsel's failure to advise him of the immigration consequences of withdrawing from the ARD program, the PCRA court considered the testimony received at the October 9, 2015 hearing on Appellant's PCRA petition. The PCRA court summarized that testimony as follows.

> During his testimony, [] Appellant stated that it never occurred to him that he might be deported as a consequence of the criminal charges he faced in the instant case and none of his counselors addressed this issue. Appellant admitted that a probation officer explained to him that his movement would be restricted to a certain area. [] Appellant further testified that he was informed by a probation officer that his charges would not be expunged at the end of the ARD program. Based upon this information, [] Appellant testified that he spoke with [Attorney] Sangiamo who offered that if [] Appellant wanted off of ARD then he simply needed to sign papers and Attorney Sangiamo would take care of

- 9 -

the matter. [] Appellant also told this Court that Attorney Sangiamo knew [] Appellant was a truck driver and that [] Appellant should continue on about his business in violation of the ARD restrictions on travel.

[] Appellant testified that he did not believe Attorney Sangiamo was a competent attorney and that he informed [Attorney] Sangiamo that he would be seeking different counsel. Appellant stated that he was informed by his probation officer that he had not been removed from the program. We heard testimony from [] Appellant that if he had known that Attorney Sangiamo had not accomplished Appellant's removal from ARD then [] Appellant would have complied with the rules of the program. Finally, [] Appellant informed this Court that neither Attorney Sangiamo, nor Attorney [] Menges, explained any immigration consequences to [] Appellant.[9]

…

Probation Officer Cindy Sweitzer was called to testify at the PCRA Hearing and she began by stating that, on the day [] Appellant was placed onto ARD, she was called upon to speak with [] Appellant because he had stated that he would not be complying with the sex offender conditions including the one about leaving the county. Officer Sweitzer clarified that [] Appellant understood the conditions; however, [] Appellant was "quite angry about [the

_____

[9] Attorney Menges also testified at the hearing. He testified that he first met with Appellant on or about October 15, 2012. Appellant related that he was concerned about remaining on the ARD program if the charges would not thereafter be expunged. Appellant also expressed concern about the need to comply with the travel conditions of the ARD, which he felt would jeopardize his employment as a truck driver. Nevertheless, Attorney Menges averred he was unaware that Appellant was actually not in compliance when he prepared and filed Appellants motion to withdraw from the ARD program. PCRA Court Opinion, 2/2/16, at 5-6.

conditions]" and stated that he would not comply with them.

Within thirty days of his intake for ARD, Officer Sweitzer met with [] Appellant again and he indicated that he was still driving outside of the County of York, Pennsylvania. Officer Sweitzer informed Appellant that this behavior was inappropriate and that he should speak to his attorney. At the conclusions of both the initial ARD intake meeting and the second meeting, following the explaining of conditions, [] Appellant stated that he would not comply because he felt that the conditions were unfair.

Officer Sweitzer conducted a third meeting with [] Appellant approximately two weeks after the second meeting and during this meeting [] Appellant informed Officer Sweitzer that he was still travelling to other states and he maintained that he would continue to do so. Further, [] Appellant informed Officer Sweitzer that he wanted to be removed from the ARD program. The probation officer informed [] Appellant that the docketing information available to her indicated [] Appellant was still on ARD and that [] Appellant could not self-remove himself. …

… It was only at [their] fourth meeting that [] Appellant informed Officer Sweitzer that he did not believe he was in the ARD program anymore. [] Appellant went on to tell Officer Sweitzer that whether he was in the program or not he was going to keep driving out of York County. Finally, while the violation was filed in November, [] Appellant was aware in October that the violation was being filed.

*Id.* at 4-8 (citations and footnotes omitted).

The PCRA court indicated it "found Officer Sweitzer credible and much of the Appellant's testimony incredible." *Id.* at 11. The PCRA court concluded that, given Appellant's recalcitrance regarding compliance with

the travel restrictions of the ARD program from the beginning of his enrollment, and his "consistent refusal to abide by the dictates of the ARD program, … Appellant would be found in violation and removed from the program" on that basis. *Id.* at 11-12. The PCRA court further concluded that "[d]ue to the very serious nature of the crime Appellant was accused of, the condition that he remain in the county was fundamentally important and not a violation we would be prepared to overlook." *Id.* at 12. Consequently, the PCRA court concluded that Appellant did not establish prejudice from counsels' deficient performance in failing to advise him of the immigration consequence of his decision to withdraw from the ARD program, because Appellant would be removed from the ARD program anyway. *Id.*

Appellant counters that the PCRA court's reasoning is flawed for two reasons. Appellant's Brief at 22. First, Appellant argues his non-compliance was a result of counsels' ineffectiveness, because if he had fully understood the consequences of doing so, he would not have resisted the conditions imposed by ARD program. To this point, the PCRA court asserts as follows.

> For Appellant to succeed on this point, we must believe that if [] Appellant had only known how much more serious the ramifications of his failure to complete ARD successfully were then he would have been compliant. We do not believe this to be true and it was not true in actuality.

PCRA Court Opinion, 2/2/16, at 12. Second, Appellant asserts that even if found in violation, removal from an ARD program is not mandatory. *Id.* at

24. "There is no obligation to remove someone from ARD for merely trying to maintain employment and continue working." *Id.* at 27-28.

"Termination of ARD participation is charged to the sound discretion of the trial court. On appeal we will only reverse an ARD termination where the court abused its discretion or committed an error of law." *Commonwealth v. Lebo*, 713 A.2d 1158, 1161 (Pa. Super. 1998) (citations and footnote omitted), *appeal denied*, 737 A.2d 741 (Pa. 1999).

Our review of the record discloses support for the PCRA court's factual findings. Accordingly, we are bound by those findings and Appellant's argument that the PCRA court "gave undue deference to Officer Sweitzer" is unavailing. *See Mason*, *supra*. Here the PCRA court found that Appellant was unwilling to accept the conditions of his ARD program at his first meeting with Officer Sweitzer. PCRA Court Opinion, 2/2/16, at 11. Had Appellant expressed his reservation at the ARD hearing, he would not have been admitted into the program. *See* Pa.R.Crim.P. 317 (providing "[i]f a defendant refuses to accept the conditions required by the judge, the judge **shall** deny the motion for [ARD]") (emphasis added). In *Chazin*, the appellant raised a claim of ineffective assistance of counsel in his PCRA petition based on Counsel's failure to properly advise him about a time-limited plea agreement offer. *Chazin*, *supra* at 735. After acknowledging that counsel should have properly advised the appellant, we nevertheless held that the appellant failed to demonstrate prejudice where the evidence

indicated the trial court would have rejected the agreement if it had been presented to it. *Id.* at 737-738.

We conclude that the case at bar is analogous to *Chazin*. Here, the evidence supports the PCRA court's finding that Appellant would still be removed from the ARD program based on his non-compliance, which the PCRA court determined was distinct from his awareness or non-awareness of his immigration consequences. We perceive no abuse of discretion in the PCRA court's determination that Appellant will not be continued in the ARD program. *See Lebo*, *supra*. Based on the foregoing, we discern no abuse of discretion in the PCRA court's denial of PCRA relief. Accordingly, we affirm the PCRA court's October 15, 2015 order.

Order affirmed. Motion denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2016

- 14 -