J-S88023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,     :     IN THE SUPERIOR COURT OF
                                  :           PENNSYLVANIA
          Appellee               :
                                  :
          v.                      :
                                  :
JOHN BRADLEY,                     :
                                  :
          Appellant              :          No. 3045 EDA 2015

Appeal from the PCRA Order September 18, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001873-2008

BEFORE:  OLSON, RANSOM, and STRASSBURGER*, JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.: **FILED FEBRUARY 24, 2017**

I would vacate the PCRA court's order and remand for an evidentiary hearing. Accordingly, I respectfully dissent.

Appellant's ineffectiveness claim has clear arguable merit. "[E]vidence of prior convictions can only be introduced for the purpose of impeaching the credibility of a witness **if the conviction was for an offense involving dishonesty or false statement**." *Commonwealth v. Randall*, 528 A.2d 1326 (Pa. 1987) (emphasis added). Our Supreme Court has held that "convictions of drug trafficking and firearms offenses did not involve dishonesty or false statements and therefore would not have been admissible to impeach [an appellant's] credibility." *Commonwealth v. Nieves*, 746 A.2d 1102, 1105 (Pa. 2000). The record reveals no other legal basis for the admission of this evidence. Thus, because Appellant's previous

*Retired Senior Judge assigned to the Superior Court.

convictions for drug possession and distribution did not constitute *crimen falsi* and were otherwise inadmissible at trial, counsel's action served only to prejudice Appellant by opening the door to cross-examination as to Appellant's history of drug dealing, which allowed the prosecutor to paint Appellant as a violent drug dealer and undermine his alibi defense.

In disposing of this issue, the Majority concludes that Appellant was unable to demonstrate prejudice such that his conviction must be reversed because of the "overwhelming" evidence presented against him at trial. Majority Memorandum at 5-6. The Majority is correct that an ineffectiveness claim may be denied if a petitioner fails to meet any of the three components of the requisite analysis. **Commonwealth v. Michaud**, 70 A.3d 862, 867 (Pa. Super. 2013) (citations omitted). However, "[w]here an appellant presents a claim of arguable merit, and there has been no evidentiary hearing in the trial court, we ordinarily remand to permit the parties to develop the record. **Commonwealth v. Lebo**, 713 A.2d 1158, 1163 (Pa. Super. 1998). Only where "the record demonstrates that the claim lacks arguable merit, or that no prejudice resulted," will we determine that no evidentiary hearing is needed. **Id.** "To demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." **Michaud**, 70 A.3d 867. I believe Appellant has met this burden such that a hearing is necessary.

Here, there was a lack of physical evidence that tied Appellant to the crime. Without evidence of Appellant's prior convictions, drug dealing activities and the insinuation that Appellant must have carried a gun for protection, the jury would have been left to weigh the testimony of three eyewitnesses, a juvenile, a probation violator with motive to protect his own interests, and a "crack head," N.T., 9/17/2009, at 59, who was unable to make a positive in-court identification, against Appellant's compelling alibi testimony, which was supported by both his girlfriend and her friend. A close case for any jury, it is reasonable to believe that defense counsel's improper questioning regarding Appellant's prior record swayed the outcome of the proceeding such that an evidentiary hearing was necessary to determine counsel's ineffectiveness. Accordingly, I would vacate the order dismissing Appellant's petition and remand for an evidentiary hearing.