J-S25044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SCOTT RUSSELL STUART | : | |
| | : | |
| Appellant | : | No. 189 WDA 2022 |

Appeal from the Judgment of Sentence Entered January 21, 2022
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0000046-2021

BEFORE: BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:            **FILED: NOVEMBER 28, 2022**

Appellant, Scott Russell Stuart, appeals from the judgment of sentence entered in the Mercer County Court of Common Pleas, following termination of his participation in the Accelerated Rehabilitative Disposition ("ARD") program. We affirm.

The relevant facts and procedural history of this case are as follows. On April 9, 2021, the Commonwealth charged Appellant with one count of driving under the influence ("DUI")—general impairment, and one count of DUI—highest rate of alcohol.[1] On April 13, 2021, the court granted Appellant's motion for admission into the ARD program for twelve months.

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1) and (c), respectively.

On July 27, 2021, the Commonwealth again charged Appellant with DUI based on a February 8, 2021 incident. On October 18, 2021, the ARD supervisor filed a motion to revoke ARD alleging that Appellant violated his ARD order based on the DUI incident that gave rise to the July 2021 charge. The court conducted a hearing on November 18, 2021, after which it found that Appellant's act of drinking and driving in February 2021 preceded his admission into ARD. Thus, the court decided Appellant had not violated the conditions of ARD on the grounds alleged and dismissed the petition to revoke ARD without prejudice.

On December 1, 2021, the ARD supervisor filed a second motion to revoke ARD, alleging that Appellant violated a condition of the ARD program when he failed to report the July 2021 DUI charge within 48 hours. The court conducted a hearing on this motion on December 9, 2021. The next day, the court revoked Appellant's admission into ARD and reinstated the original April 2021 charges against him.

Appellant proceeded to a stipulated bench trial, and on January 21, 2022, the court found Appellant guilty of DUI—highest rate of alcohol. The court sentenced him that same day to 72 hours to six months of incarceration. Appellant filed a timely notice of appeal on February 15, 2022. Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b) on March 21, 2022.

Appellant raises the following issue on appeal:

> I. Whether the [c]ourt abused its discretion or committed an error of law in revoking [Appellant] from [ARD] pursuant to a second petition to revoke, where the Commonwealth was aware of the alleged violation before the filing of the first petition to revoke which was dismissed.

(Appellant's Brief at 9).

Appellant argues the trial court erred when it granted the second motion to remove him from the ARD program. Specifically, Appellant claims that the Commonwealth was barred from raising in a new motion to revoke that Appellant failed to report his July 2021 DUI charge because the ARD supervisor was aware of this failure when she filed the first, unsuccessful, motion to revoke and did not include this alleged violation in that first motion. Appellant contends that the parties already litigated whether Appellant's DUI related to the February 2021 arrest and July 2021 charge constituted a violation of ARD at the hearing on the first motion to revoke. Therefore, Appellant concludes the Commonwealth could not re-assert a violation related to the February 2021 DUI incident in the second motion to revoke. We disagree.

"Termination of ARD participation is charged to the sound discretion of the trial court. On appeal we will only reverse an ARD termination where the court abused its discretion or committed an error of law." *Commonwealth v. Lebo*, 713 A.2d 1158, 1161 (Pa.Super. 1998), *appeal denied*, 558 Pa. 617, 737 A.2d 741 (1999) (citations omitted). Termination of ARD participation is governed by Pennsylvania Rule of Criminal Procedure 318, which provides as follows:

**Rule 318. Procedure on Charge of Violation of Conditions**

(A) If the attorney for the Commonwealth files a motion alleging that the defendant during the period of the program has violated a condition thereof, or objects to the defendant's request for an order of discharge, the judge who entered the order for ARD may issue such process as is necessary to bring the defendant before the court.

(B) A motion alleging such violation filed pursuant to paragraph (A) must be filed during the period of the program or, if filed thereafter, must be filed within a reasonable time after the alleged violation was committed.

(C) When the defendant is brought before the court, the judge shall afford the defendant an opportunity to be heard. If the judge finds that the defendant has committed a violation of a condition of the program, the judge may order, when appropriate, that the program be terminated, and that the attorney for the Commonwealth shall proceed on the charges as provided by law. No appeal shall be allowed from such order.

Pa.R.Crim.P. 318.

Here, the trial court stated that Appellant "failed to note the distinction between committing the act and **reporting** appropriately." (Trial Court Opinion, 4/22/22, at 3) (emphasis in original). The court explained that it initially denied the request to revoke ARD based on the first motion to revoke because the ARD terms were not binding on Appellant when he committed the act of drinking and driving on February 8, 2021. Nevertheless, as it related to the second motion to revoke, the court decided the terms of ARD were binding on Appellant when the Commonwealth filed the July 2021 DUI charge against him; Appellant's failure to report that charge within 48 hours

constituted a violation of the ARD terms. (*Id.*) As the court explained, Appellant "was required to report charges filed against him within 48 hours of receiving notice. [Appellant] failed to report. As a result, it was well within the jurisdiction of the judge to revoke ARD." (*Id.* at 4).

The record supports the court's analysis. As the court noted, the first motion to revoke ARD was based on Appellant's February 2021 act of driving while intoxicated. The second motion to revoke was based on Appellant's failure to report the July 2021 charge within 48 hours. As the second motion to revoke asserted a separate and distinct violation of the terms of the ARD program, we disagree with Appellant's contention that the Commonwealth was barred from presenting it in a subsequent motion to revoke. Thus, we see no abuse of discretion in the court's removal of Appellant from the ARD program. **See Lebo, supra**. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/2022