623 A.2d 350

**COMMONWEALTH of Pennsylvania**

v.

**Harold K. HACKMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 19, 1993.

Filed April 15, 1993.

Vincent J. Quinn, Chief Public Defender, Lancaster, for appellant.

Joseph C. Madenspacher, Asst. Dist. Atty., Lancaster, for Com., appellee.

Before CAVANAUGH, JOHNSON and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the order of the revocation court dated July 31, 1992. For the reasons that follow, we vacate that portion of the order which imposed, as a condition of appellant's parole, a payment schedule for fines and costs in the amount of twenty-five dollars per week, and remand for an evidentiary hearing and findings of fact regarding appellant's ability to meet this financial obligation.

The revocation court summarized the history of this case as follows:

On January 5, 1990, the Defendant was sentenced for driving under the influence, operating a motor vehicle under suspension[,] and another vehicle code violation, and he received a sentence of 48 hours to 23 months for the DUI, fines totalling $725.00 for all offenses and costs. His parole expired on December 5, 1991, and, on December 6, 1991, a Notice of Parole Violation, alleging the Defendant's failure to make any payments and an outstanding balance of $1167.50 on his fines and costs, was issued by the Lancaster County Bureau of Collections. On that same date, the

Notice was approved by the Court, and it was entered and filed by the Lancaster County Clerk of Courts on December 10, 1991. On January 17, 1992, the Defendant was sent a summons, advising him that a Notice of Parole Violation had been approved and that he was to appear for a hearing on February 7, 1992. When he failed to appear, a bench warrant for his apprehension was directed, and it was issued on February 25, 1992. He was committed on March 20, 1992, and a hearing was held on April 27, 1992.

At that hearing, we found that the Defendant had violated his parole for failing to pay his fines and costs, and we revoked it. We deferred sentencing him, at his request, because he was incarcerated on other matters as well at that time. As soon as these other matters were adjudicated, his hearing was reconvened, on July 31, 1992, and he moved to dismiss the Notice of Parole Violation on the ground that there was no legal basis for it, since it was not issued until one day after his parole had expired. This Motion was denied, and we sentenced him to the unexpired balance of his term and made him eligible for parole immediately. He was directed to pay $25.00 per week on his fines and costs.

Trial Court Opinion dated 10/16/92 at 1-3.

Appellant appeals the revocation of his parole and raises the following issues for our review:

A. Whether the court erred in revoking the defendant's parole when the record is insufficient to justify a conclusion that the defendant had the financial ability to pay his fines and costs?

B. Whether the court erred in revoking the defendant's parole when the capias charging the violation of parole was not issued until after the term of his original sentence had expired.

We will address these issues in order.

■■■■ Appellant first argues that the revocation court improperly imposed a new payment schedule for fines and costs without a prior determination as to whether appellant was indigent. In its opinion, the revocation court agreed with

appellant and concluded that remand for an evidentiary hearing and findings of fact on this matter would be proper. Although generally, appellant's claim could be considered waived for failure to raise it in a motion to modify his sentence, the revocation court addressed appellant's claim. Moreover, we may consider a waived claim lest it return to the court in the form of an ineffective assistance of counsel claim. *Commonwealth v. Byrd,* 409 Pa.Super. 611, 613–16, 598 A.2d 1011, 1012–14 (1991).

After reviewing the parties briefs and record on appeal, we agree with the conclusion reached by the revocation court in its order dated July 31, 1992. Specifically, we agree that the revocation court improperly directed appellant to pay twenty-five dollars per week in fines and costs without a prior evidentiary hearing and a finding of fact regarding appellant's ability to pay. Therefore, we vacate only that portion of the July 31, 1992 order which imposes the payment of fines and costs.

■ Next, appellant contends that the revocation court improperly revoked appellant's parole when the parole violation was not issued until after appellant's parole had expired. Appellant contends that this court should "strictly construe [appellant's] period of parole and hold that where the Commonwealth is aware of an alleged parole violation for an extended period of time and takes no action, that a Violation Notice filed after the expiration of the parole period is untimely and should be dismissed. In the instant case, notice of the violation was filed just five days after appellant's parole had expired. The revocation court, citing our holding in *Commonwealth v. Dorsey,* 328 Pa.Super. 241, 476 A.2d 1308 (1984), held that the action was not time-barred. We agree.

In *Dorsey,* the revocation court sentenced defendant to a term of imprisonment, and ordered defendant to pay a fine, costs, and restitution. Defendant was subsequently paroled. As a specific condition of his parole, the defendant was ordered to pay his fine, costs and restitution in the amount of fifteen dollars per month. When defendant failed to satisfy this financial obligation, the revocation court signed a notice of

parole violation just five days prior to the expiration of defendant's parole. However, this notice was not filed for almost sixty-days. On appeal, the defendant argued that the notice was invalid because it was filed after the expiration of his parole period. We disagreed holding that notice of an alleged parole violation need not be issued prior to the expiration of the parole period so long as the Commonwealth complied with all of the required provisions regarding notice of the charges and the subsequent parole revocation hearing. *Id.* at 245, 476 A.2d at 1310.

The facts in *Dorsey* are substantially similar to those in the present case. Both the defendant in *Dorsey* and the appellant herein, failed to meet the financial obligation imposed as a condition to their parole. In both *Dorsey* and the instant case, the notice was not issued until the end of the parole period. In both cases, the Commonwealth did not file a notice of parole violation until after expiration of the parole period, but complied with the required provisions regarding notice of the charges and the subsequent parole revocation hearing. Moreover, in *Dorsey* we determined that the delay caused the defendant no prejudice. Likewise, in the instant case, appellant does not argue, and we do not find, that appellant would be prejudiced by the delay. The only noteworthy distinction between the two cases is that in *Dorsey* the notice of parole violation was filed sixty days after the defendant's parole had expired, whereas in the instant case, the notice was filed only five days after appellant's parole had expired. Based on the foregoing, we conclude that our holding in *Dorsey* is applicable to the instant case. Accordingly, we hold that the issuance of the notice of appellant's parole violation was proper.

Order vacated. The case remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.