## Commonwealth v. Hunter

C.P. of Dauphin County, no. 885 C.D. 1994.

*Francis T. Chardo,* for the Commonwealth.
*Patrick F. Lauer Jr.,* for defendant.

KLEINFELTER, *J.,* December 28, 1995—In this case we are presented with the issue of timing for a revocation of probation where the defendant has been admitted into the Accelerated Rehabilitative Disposition Program.

Defendant was arrested for driving under the influence on March 1, 1994. He made application for A.R.D. on March 30, 1994. Following a hearing, he was admitted into A.R.D., by order of court, on June 30, 1994. Paragraph (1) of the order reads:

"The defendant shall remain under the Accelerated Rehabilitative Disposition Program and subject to supervision of the Dauphin County Probation Department for a period of 12 months, during which time the defendant shall obey the law and be of good behavior."

In September of 1994 defendant tested positive for the use of marijuana; however, his probation officer took no disciplinary action, at least insofar as revocation proceedings are concerned. Also, at some point, the district attorney's office became aware of the fact that

the defendant had a prior D.U.I. conviction from another jurisdiction.[1]

On November 1, 1995, the district attorney sent defendant a letter (received by him on November 4) notifying him that a revocation hearing was set for November 27, 1995. At that hearing, the probation officer presented evidence of the positive marijuana screen and of the failure of defendant to report a prior D.U.I. conviction in his application for A.R.D.

Defendant does not contest the allegations although he did offer an excuse for not disclosing the prior D.U.I. Rather, he defends against the revocation by declaring it to be untimely. He argues that, as he was placed on 12 months probation on June 30, 1994, his probation expired on June 30, 1995. Citing Pa.R.Crim.P. 184(b), he maintains that if his probation officer or the district attorney intended to revoke him, they should have taken such action while he was on probation or at a reasonable time after discovering the violations. Rule 184(b) states:

"A motion alleging such violation filed pursuant to paragraph (a) must be filed during the period of the program or, if filed thereafter, must be filed within a reasonable time after the alleged violation was committed."

Both the defendant and Commonwealth refer us to *Commonwealth v. Jones,* 437 Pa. Super. 345, 650 A.2d 60 (1994). There, defendant was admitted into A.R.D. for D.U.I. on March 10, 1992. It was later discovered, that defendant had falsified his criminal history state-

---

1. Although the defendant's interview sheet shows no prior arrests, an investigator in the district attorney's office, performing a background check, apparently discovered the prior conviction and called same to the district attorney's attention even before the case was presented in court for A.R.D. consideration.

ment by failing to disclose a prior simple assault arrest and a prior charge of indecent exposure. Once in the program he failed to disclose a new arrest for involuntary deviate sexual intercourse. When the district attorney discovered these matters, he filed a rule to show cause why defendant should not be removed from A.R.D. The rule was filed March 8, 1993, two days before defendant was to complete the program. An amended petition for a rule was filed on March 11, 1993, one day after defendant's probation ended.

The defendant in *Jones* claimed that the district attorney unreasonably delayed by waiting 70 days after the alleged violation before filing the motion and by filing the amended petition one day after the period for his program expired. The Superior Court disagreed citing the above quoted language of Rule 184(b) which permits a motion for revocation to be filed within a "reasonable time" after the violation was committed even after the A.R.D. program has ended.

The *Jones* case is readily distinguished on its facts from those presented instantly. It appears that the district attorney here was on notice of the false application even before it presented the application in open court well over a year before the revocation letter. The positive test for marijuana was also over 12 months old when the notice of revocation was relayed to this defendant. We find this delay to be unreasonable.

In so finding, we consider the factors which have been long considered in the application of Pa.R.Crim.P. 1409 which mandates a speedy hearing in cases of non-A.R.D. probation or parole revocations. The three factors which a court should consider in determining reasonableness are "[(1)] the length of the delay; the reasons for the delay; and the prejudice to the defendant. . . ." *Commonwealth v. Young,* 262 Pa. Super. 253, 256, 396 A.2d 741, 743 (1978).

In the case before us, defendant has done nothing to cause the delay of over one year. Moreover, he is prejudiced in that he has dutifully paid $1,208 in fines and costs, completed counseling, undergone a license suspension, and otherwise complied with the terms of A.R.D. probation supervision.

While there is authority which would permit a revocation proceeding to occur after the expiration of a period of probation, see *e.g. Commonwealth v. Hackman,* 424 Pa. Super. 526, 623 A.2d 350 (1993); *Commonwealth v. Dorsey,* 328 Pa. Super. 241, 476 A.2d 1308 (1984), the delays under the facts here presented are so unreasonable as to warrant dismissal and discharge.

## ORDER

And now, December 28, 1995, the Commonwealth's motion to revoke A.R.D. is dismissed and denied. Defendant is successfully discharged from A.R.D. probation.