J-S22022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FORREST ALLISON GRIBBLE | |
| Appellant | No. 1394 MDA 2015 |

Appeal from the Judgment of Sentence July 30, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001040-2013

BEFORE:  MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED MAY 13, 2016**

Appellant, Forrest Allison Gribble, appeals from the July 30, 2015 aggregate judgment of sentence of 72 hours to 6 months' imprisonment, plus 2 months' probation, imposed after he was found guilty of four counts of driving under the influence (DUI), and one count each of possession of marijuana and possession of drug paraphernalia.[1]  After careful review, we reverse and remand for further proceedings.

We summarize the relevant procedural history of this case as follows. Briefly, Appellant's vehicle was pulled over on February 16, 2013 for having a broken tail light as well as swerving out of its lane of traffic and crossing

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(e), (d)(1)(i), (d)(1)(iii), (d)(3), 35 P.S. § 780-113(a)(31), and (a)(32), respectively.

the center line. N.T., 5/11/15, Commonwealth's Exhibit 1, at ¶¶ 2, 4-5. The officer detected a strong odor of marijuana and observed that Appellant had "poor dexterity" as well as "extremely red bloodshot/sleepy eyes." *Id.* at ¶¶ 7-9. After Appellant failed five field sobriety tests, he was advised that he was under arrest for suspicion of DUI. *Id.* at ¶¶ 12, 15.

On April 9, 2013, a criminal complaint was filed, charging Appellant with the above-mentioned offenses. On July 3, 2013, the trial court entered an order admitting Appellant into the Accelerated Rehabilitative Disposition Program (ARD) for one year. As a condition of the program, Appellant was instructed that he must not violate any law of this Commonwealth. Appellant was arrested for disorderly conduct[2] on April 26, 2014. Appellant pled guilty to one count of disorderly conduct at docket number CP-14-CR-1205-2014 on May 11, 2015 and was sentenced to one year of probation on that same day. Appellant did not file a notice of appeal to this Court.

Appellant was sent a letter on July 10, 2014 from the Centre County Department of Probation and Parole (Department) that he had successfully completed the ARD program. Nevertheless, on September 18, 2014, the Commonwealth filed a petition to revoke Appellant's ARD status, based on his violation for the disorderly conduct arrest. On November 5, 2014, the trial court granted the Commonwealth's petition.

---

[2] 18 Pa.C.S.A. § 5503(a)(1).

Based on Appellant's termination from the ARD program, the Commonwealth filed an information on November 19, 2014, formally charging Appellant with four counts of DUI, and one count each of possession of marijuana and possession of drug paraphernalia. Appellant proceeded to a stipulated bench trial on May 11, 2015, at the conclusion of which the trial court found Appellant guilty of all charges. On July 30, 2015, the trial court sentenced Appellant to 72 hours to 6 months' imprisonment, plus 2 months' probation.[3] Appellant did not file a post-sentence motion. On August 11, 2015, Appellant filed a timely notice of appeal.[4]

On appeal, Appellant presents one issue for our review.

> I. Did the [t]rial [c]ourt err in removing [A]ppellant from the [ARD p]rogram four months after his successful completion of that program?

Appellant's Brief at 10.

Appellant's sole argument is that the Commonwealth's delay in filing its petition to terminate Appellant's ARD participation was untimely and unreasonable as it was not filed until two months after Appellant's

---

[3] Specifically, the trial court sentenced Appellant to 72 hours to 6 months' imprisonment for DUI – controlled substance combination, 1 month of probation for possession of marijuana, and an additional 1 month of probation for possession of drug paraphernalia. All sentences were to run consecutively.

[4] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

completion of the ARD program. Appellant's Brief at 17. The Commonwealth counters that Appellant violated the terms of the program, the letter sent from the Department was not binding on the Commonwealth, and any delay in filing its petition to terminate was reasonable.[5] Commonwealth's Brief at 7, 9.

At the outset, we note that "[t]ermination of ARD participation is charged to the sound discretion of the trial court … [and] we will only reverse an ARD termination where the court abused its discretion or committed an error of law." **Commonwealth v. Lebo**, 713 A.2d 1158, 1161 (Pa. Super. 1998) (citations omitted), *appeal denied*, 737 A.2d 741 (Pa. 1999). Termination of ARD participation is governed by Pennsylvania Rule of Criminal Procedure 318, which provides as follows.

> **Rule 318. Procedure on Charge of Violation of Conditions**
>
> (A) If the attorney for the Commonwealth files a motion alleging that the defendant during the period of the program has violated a condition thereof, or objects to the defendant's request for an order of discharge, the judge who entered the order for ARD may issue such process as is necessary to bring the defendant before the court.
>
> (B) A motion alleging such violation filed pursuant to paragraph (A) must be filed during the period of the program **or, if filed thereafter, must be filed**

---

[5] We reject the Commonwealth's assertion that Appellant's issue is waived for want of development. **See generally** Commonwealth's Brief at 5.

> **within a reasonable time after the alleged violation was committed**.
>
> (C) When the defendant is brought before the court, the judge shall afford the defendant an opportunity to be heard. If the judge finds that the defendant has committed a violation of a condition of the program, the judge may order, when appropriate, that the program be terminated, and that the attorney for the Commonwealth shall proceed on the charges as provided by law. No appeal shall be allowed from such order.

Pa.R.Crim.P. 318 (emphasis added).[6]

On the merits, both parties cite exclusively to this Court's decision in **Commonwealth v. Jones**, 650 A.2d 60 (Pa. Super. 1994). In **Jones**, the defendant was placed in an ARD program, and he made essentially the same argument Appellant is making here, "that the trial court erred by removing him from the [ARD] program after he completed it." **Id.** at 63. Specifically, Jones argued that the Commonwealth "waited until he completed the program to file a motion to remove him from [ARD.]" **Id.** at 64. This Court rejected Jones's argument in part because Jones concealed his prior arrests.

---

[6] The dissent concludes "Appellant preserved only a claim that the [Commonwealth's] motion to revoke was untimely filed because he had completed his ARD program before the Commonwealth filed its motion to revoke." Dissenting Memorandum at 1. However, the dissent concludes Appellant did not preserve the issue "that the Commonwealth failed to file a motion within a reasonable time as prescribed by [Rule] 318[.]" **Id.** In our view, these are one and the same. As can be seen above, the **only** way the Commonwealth's motion could be untimely filed as a matter of law is if it were filed within an unreasonable amount of time "after the alleged violation[.]" Pa.R.Crim.P. 318(B). We therefore conclude that Appellant has not waived his argument on appeal.

> Here, Appellant falsified his Criminal History Statement which he signed on January 30, 1992 by failing to disclose that he was charged with simple assault two months before he signed the Statement, nor did he indicate in the Statement that he was arrested in 1983 on charges of indecent exposure. Appellant did not acknowledge in the Criminal History Statement any prior arrests except for a "summary disorderly conduct" to which he pleaded guilty in November 1990. He was admitted into A.R.D. on March 10, 1992. Once in the program, Appellant failed to reveal to his probation officer that he was arrested and charged with involuntary deviate sexual intercourse on or about December 30, 1992.

*Id.* at 63-64. As a result, this Court concluded the Commonwealth's delay was reasonable in part because Jones "should not be permitted to benefit from the concealment of his arrests[.]" *Id.* at 64.

> The district attorney filed the petition to remove Appellant from [ARD] on March 8, 1993, and Appellant's probation under [ARD] did not end until March 10, 1993. Even though the district attorney filed an Amended Petition to Remove Appellant from the program on March 11, 1993, this is not a violation of Rule [318](b) because the rule permits a motion to be filed after the [ARD] program has ended, as long as it is within a reasonable time after the violation was committed.

> The probation office discovered Appellant's undisclosed arrests and reported them to the district attorney's office on or around March 3, 1993. The Amended Petition for Rule to Show Cause Why Appellant should not be Removed from [ARD] was **filed one day after Appellant's probation under the program ended**. Pursuant to Rule [318](b), if the petition is filed after the period of the program expired, it must be filed within a reasonable time after the violation was committed. The trial court determined that the petition was filed within a

- 6 -

> reasonable time after the district attorney's office discovered the violation and we agree. Even if the delay was two months between Appellant's violation and the filing of the petition to remove, that is not an unreasonable time for the district attorney's office to file the petition to remove Appellant from the program, **especially since he concealed the violations**.

*Id.* at 64-65 (internal citation omitted; emphases added).

We conclude **Jones** is highly instructive in resolving this case. There is no dispute that a condition of Appellant's ARD program was that he shall not commit any new criminal offense, and that Appellant violated this condition by being arrested for disorderly conduct. Appellant was arrested on April 26, 2014, but the Commonwealth's petition to revoke was filed 145 days later, and approximately two months after Appellant's ARD completion date. Furthermore, the Commonwealth's entire petition contained only the following.

> 1. CP-14-1040-2013 was filed in the Centre County Court of Common Pleas charging [Appellant] with DUI, DUI – Drugs (3 counts), Possession Small Amount Marijuana, Possession Drug Paraphernalia.
>
> 2. On July 03, 2013, [Appellant] was accepted into the [ARD] program.
>
> 3. [Appellant] has committed new criminal offenses. Arrested on April 26, 2014 by State College Police Department.

Commonwealth's Petition to Terminate ARD Program, 9/18/14, at 1.

The Commonwealth's petition contains no explanation for its delay in filing the same. Furthermore, neither the certified record nor the Commonwealth's brief on appeal contain any such explanation. As highlighted above, in **Jones**, it was essential to our judgment that Jones "should not be permitted to benefit from the concealment of his arrests[.]" **Jones**, **supra** at 64. Instantly, however, there is no evidence of concealment or deceit on Appellant's part in this case. Rather, the certified record reveals both the ARD program and Appellant's new disorderly conduct charge were handled in Centre County. In addition, on June 17, 2014, the Department filed a praecipe to have Appellant's fines, costs, fees, and restitution pertaining to the ARD program marked as paid in full, which indicates that the Department was looking at the record in this case during the period between Appellant's arrest for disorderly conduct and the Commonwealth's petition to terminate. Praecipe, 6/17/14, at 1.

The same prosecuting authority approved Appellant's ARD admission and prosecuted his new disorderly conduct offense. As we have explained, the Commonwealth has failed to provide this Court and the trial court with any explanation as to why it waited until September 18, 2014 to seek ARD revocation. The plain text of Rule 318 places the burden on the Commonwealth to show why its delay was reasonable. **See generally** Pa.R.Crim.P. 318(B). In the absence of any explanation from the

Commonwealth, under the facts of this case, we conclude its 145-day delay was unreasonable within the meaning of Rule 318(B).

Based on the foregoing, we conclude the trial court abused its discretion when it granted the Commonwealth's petition to terminate Appellant's ARD participation. *See Lebo*, *supra*. Accordingly, the trial court's July 30, 2015 judgment of sentence is reversed, and the case is remanded for further proceedings, consistent with this memorandum.

Judgment of sentence reversed. Case remanded. Jurisdiction relinquished.

Judge Dubow joins the memorandum.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/13/2016