J-A29035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
:
v.               :
:
:
LYNNE THOMPSON             :
:
Appellant     :   No. 516 WDA 2023

Appeal from the Judgment of Sentence Entered April 24, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007615-2021

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

DISSENTING MEMORANDUM BY BOWES, J.:  **FILED: March 6, 2024**

In this appeal, Appellant seeks to challenge the validity of her guilty plea to one count of deceptive or fraudulent business practices ("DFBP") due to insufficient evidence.[1]  Despite never seeking to withdraw her plea in the trial court, the Majority declines to find waiver and instead reaches the merits of Appellant's claim because Appellant and the Commonwealth agree that "waiver is inappropriate under the circumstances" and that "this Court should vacate Appellant's judgment of sentence and remand for further proceedings."

---

[1] A person is guilty of DFBP "if, in the course of business, the person. . . sells, offers or exposes for sale, or delivers less than the represented quantity of any commodity or service[.]"  18 Pa.C.S. § 4107(a)(2).  Appellant contends that she did not offer any commodities or services.  ***See*** Appellant's brief at 15.  The trial court found that she "represented herself as a real estate company offering the service of purchasing" the home and real estate of one victim, and offered residential leasing services of that property to the other two individuals whom she was accused of defrauding.  ***See*** Trial Court Opinion, 7/6/23, at 2.

Majority at 5-6 (original emphases omitted). Since I cannot countenance this circumvention of our judicial processes and binding precedent, I respectfully dissent.

As plainly set out by the Majority, Appellant entered a negotiated guilty plea to DFBP in exchange for the Commonwealth withdrawing the charge of theft by deception. There was no agreement as to sentence, and the trial court sentenced Appellant the same day. Appellant did not file a motion to withdraw her plea either before or after sentencing. Instead, she filed a direct appeal, whereby she contended for the first time that her plea was invalid because the facts to which she stipulated were insufficient to support the elements of DFBP. **See** Appellant's brief at 15.

It is well-settled that, by pleading guilty, Appellant waived all non-jurisdictional claims except the validity of her plea, the legality of her sentence, and, because she did not negotiate the terms of her sentence, the court's discretion in imposing that sentence. **See Commonwealth v. Jones**, 929 A.2d 205, 212 (Pa. 2007); **Commonwealth v. Guth**, 735 A.2d 709, 710 n.3 (Pa.Super. 1999). However, the ability to raise such claims does not guarantee review in this Court. Rather, in order to challenge the validity of a plea, as Appellant seeks to do, a defendant must first preserve the issue in the trial court. **See Commonwealth v. Monjaras-Amaya**, 163 A.3d 466, 468-69 (Pa.Super. 2017). It bears repeating that "Appellant never sought to withdraw her guilty plea." Majority at 4. Indeed, she never lodged any challenge to her plea prior to the instant appeal.

- 2 -

In a nearly identical scenario, this Court outlined the consequences of failing to file a motion to withdraw upon a subsequent appellate claim challenging the validity of a guilty plea:

> In order to preserve an issue related to a guilty plea, an appellant must either "object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." **Commonwealth v. D'Collanfield**, 805 A.2d 1244, 1246 (Pa.Super. 2002). **See** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").
>
> In **D'Collanfield**, we held appellant's issue challenging his guilty plea was waived since it was not raised at the colloquy, at the sentencing hearing, or through post-sentence motions. **See Commonwealth v. Lincoln**, 72 A.3d 606, 609–10 (Pa.Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver.") (citations omitted). Moreover, "**a party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order**." **Commonwealth v. Kohan**, 825 A.2d 702, 706 (Pa.Super. 2003) (emphasis added) (citations omitted).
>
> The purpose of this waiver rule is to allow the trial court to correct its error at the first opportunity, and, in so doing, further judicial efficiency. "It is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." **See Commonwealth v. Roberts**, 352 A.2d 140, 141 (Pa.Super. 1975) (attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal;"... "strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

Here, Monjaras–Amaya failed to either raise this challenge during his plea colloquy or file a post-sentence motion seeking to withdraw his plea. Rather, for the first time after filing his notice of appeal, Monjaras–Amaya argues that his guilty plea was invalid. Although Monjaras–Amaya raised the claim in his Rule 1925(b) statement, the trial court, at that point, is without jurisdiction and cannot grant relief. *See* Pa.R.A.P. 1701 ("Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.").

The record reveals that Monjaras–Amaya never challenged his guilty plea in the trial court before raising it in his Rule 1925(b) statement. Accordingly, this issue is waived.

*Monjaras-Amaya*, *supra* at 468–69 (some internal brackets, quotations, and citations omitted, other citations altered).[2] Based on the foregoing, we affirmed Monjaras-Amaya's judgment of sentence. In doing so, we noted that Monjaras-Amaya's underlying argument that his counsel was ineffective for failing to explain the risk of deportation resulting from the guilty plea must be brought in a petition under the PCRA. *Id*. at 470 n.9.

---

[2] This decision is in line with countless others finding waiver when defendants failed to first challenge their guilty pleas in the trial court. *See e.g.*, *Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa.Super. 2003) (holding that Watson waived his appellate argument that the factual summary for his plea was insufficient because he never challenged his plea before raising the issue in his Rule 1925(b) statement); *Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa.Super. 2006) (recognizing Tareila had waived his claims challenging the voluntariness of his plea because he did not file a motion seeking to withdraw his plea in the trial court); *Commonwealth v. Bautista*, 2023 WL 6843417, at *2 (Pa.Super. 2023) (non-precedential decision) (finding Appellant waived his challenge to the validity of his plea because he did not object during the colloquy or file a post-sentence motion to withdraw his plea); *Commonwealth v. Williams*, 249 A.3d 1138, 2021 WL 461952, at *1 (Pa.Super. 2021) (non-precedential decision) (finding waiver because Williams failed to preserve his challenge to his guilty plea in a timely post-sentence motion).

While I find this case to be not only salient, but wholly dispositive, my colleagues do not address it at all. Instead, in deeming it prudent to grant relief, the Majority relies upon two earlier cases, **Commonwealth v. Byrd**, 598 A.2d 1011 (Pa.Super. 1991), and **Commonwealth v. Hackman**, 623 A.2d 350 (Pa.Super. 1993), to overcome Appellant's waiver. **See** Majority at 6-8. Respectfully, I determine both **Byrd** and **Hackman** to be inapposite.

In **Byrd**, the defendant was convicted after proceeding *pro se* at a jury trial, during which the trial court provided written instructions to the jurors. Such practice violated our High Court's mandate at the time.[3] **See Commonwealth v. Oleynik**, 568 A.2d 1238, 1241 (Pa. 1990) (holding "that the possible prejudice to a defendant from written instructions to a jury outweighs any benefit such instructions might provide"). Although Byrd did not raise the specific issue to the court in his post-sentence motion, prompting the Commonwealth and the trial court to deem the issue waived on appeal, the public defender's office, acting as standby counsel, had advised the trial court of the relevant case law in support of Byrd's request for a new trial. Ultimately, we granted Byrd relief and remanded for a new trial:

> There is no dispute that the trial court did, in fact, utilize written instructions not only in his basic charge to the jury but also in response to an inquiry from the jury concerning the meaning of the words "knowingly" and "consciously". The only response to

---

[3] That mandate was subsequently superseded by Pa.R.Crim.P. 646(B), which provides that "[t]he trial judge may permit the members of the jury to have for use during deliberations written copies of the portion of the judge's charge on the elements of the offenses, lesser included offenses, and any defense upon which the jury has been instructed."

> this by the Commonwealth and by the court, on this appeal, is that the issue is waived. Since we do not agree that this issue was waived, on the unique facts in this case, we are constrained to find merit in Byrd's contention. Moreover, were this specific issue on these precise facts to return to this court within a framework of ineffective assistance of counsel, the fact that the claim has merit and that the defendant has been prejudiced has already been decided by our Supreme Court in *Oleynik*. In the interest of judicial economy, therefore, and finding the claim to have merit, we . . . remand for a new trial.

*Byrd*, *supra* at 1014 (cleaned up). No such unique circumstances exist here: Appellant was represented by counsel, counsel did not preserve the issue in the trial court, and basing a DFBP conviction on fraudulent real estate rental and purchase services is not in direct contravention to established law. Thus, I posit that *Byrd* cannot be the basis for overcoming Appellant's clear waiver.

Turning to *Hackman*, that case came to this Court following a parole revocation. Hackman sought to challenge the revocation court's failure to ascertain his indigency prior to imposing a payment schedule for fines and costs. Although the claim was waived for failing to raise it in a post-sentence motion, this Court observed that the revocation court agreed Hackman was entitled to an evidentiary hearing on the matter and had addressed the claim in its opinion to this Court. Citing *Byrd*, we noted that "[m]oreover, we may consider a waived claim lest it return to the court in the form of an ineffective assistance of counsel claim." *Hackman*, 623 A.2d at 351. Upon review, we agreed with the revocation court that Hackman was entitled to an evidentiary hearing, and therefore vacated the portion of his sentence that imposed a payment schedule for fines and costs. *Id*.

I find this case distinguishable for two reasons. First, unlike in *Hackman*, the trial court here did not agree that Appellant was entitled to relief. Second, and more fundamentally, the sentiment in *Hackman* that this Court abhors claims returning to us in the form of a challenge to the ineffective assistance of counsel is no longer true. Indeed, our jurisprudence has clarified that ineffectiveness claims are not only welcome to return to this Court but, in fact, **must** be delayed until a collateral attack through the Post Conviction Relief Act ("PCRA"), after the completion of any direct appeal proceedings.[4] *See e.g., Commonwealth v. James*, 297 A.3d 755, 760 (Pa.Super. 2023) (holding that "[g]enerally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal" (cleaned up)). Accordingly, I do not believe we should decline to find waiver in this case based upon *Hackman*'s outdated view of ineffectiveness claims.

---

[4] There are limited exceptions to this rule, providing that ineffectiveness claims may be pursued on direct appeal only "where (1) there are extraordinary circumstances in which trial counsel's ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; or (2) there is good cause shown, and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence[;]" or (3) "the defendant is statutorily precluded from obtaining subsequent PCRA review[.]" *Id*. at 761 (cleaned up). Upon review, I do not find that any of the exceptions apply. Appellant (1) has not waived her entitlement to PCRA review, (2) is serving a three-year probationary term and not otherwise precluded from seeking PCRA review, and (3) did not demonstrate that counsel's failure to seek to withdraw her plea was so blatant and shocking that extraordinary, instant relief is warranted. Thus, she must proceed pursuant to the PCRA if she wishes to challenge counsel's effectiveness for failing to file a motion to withdraw her guilty plea. *See Commonwealth v. James*, 297 A.3d 755, 761 (Pa.Super. 2023)

Finally, I do not believe that the majority's decision to ignore our waiver doctrine can be supported by a reference to judicial economy. **See** Majority at 8 ("considering the unique facts in this case (especially the Commonwealth's concession that waiver is inappropriate) and the interest of judicial economy, we decline to find waiver" (cleaned up)). Such a results-oriented ruling, which permits Appellant to skip the procedures articulated by our legislature and our precedent, impermissibly treats Appellant differently than all other defendants appearing before this Court. **See e.g.**, **supra** at n.2 (collecting cases where this Court has found waiver in nearly-identical situations). **See also Commonwealth v. Howard**, 543 A.2d 1169, 1180 (Pa.Super. 1988) (Wieand, J., dissenting) ("If the judiciary becomes so result oriented that it begins to shortcut established principles of law in order to achieve desired results, we will all be the poorer for it. In that event, the rule of law of which we are so proud will be brought into disrepute, and a government under law will be replaced by a government of men and women.").

In sum, I deem this Court's analysis in **Monjara-Amaya** to be directly on point and can discern no reason to deviate from our sound reasoning in ruling on the present issue. Appellant failed to preserve a challenge to the validity of her guilty plea and it is therefore not properly before us. Since Appellant waived the sole claim she raised on appeal, I would affirm her judgment of sentence and must respectfully lodge this dissent.