J-S17020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LEON CULBREATH | |
| Appellant | No. 3505 EDA 2015 |

Appeal from the Judgment of Sentence June 8, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008249-2014

BEFORE:  OLSON, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                     **FILED MAY 17, 2017**

Appellant, Leon Culbreath, appeals from the June 8, 2015 judgment of sentence entered in the Court of Common Pleas of Philadelphia County ("trial court") sentencing Appellant to 5 to 15 years' incarceration followed by 10 years' probation for aggravated assault and conspiracy following Appellant's entry of a guilty plea.[1]  Upon review, we affirm.

Following an incident on January 12, 2014, Appellant was charged with a number of crimes including aggravated assault, simple assault, conspiracy, and recklessly endangering another person.  Appellant entered an open guilty plea to conspiracy and aggravated assault on March 11, 2015.  The

---

[1] 18 Pa.C.S.A. § § 2702, and 903 respectively.

trial court directed that Appellant undergo a mental health evaluation and a pre-sentence investigation prior to sentencing.

Following a hearing on June 8, 2015, the trial court sentenced Appellant to 5-15 years' imprisonment on the aggravated assault charge and a consecutive ten years of probation for conspiracy. Appellant filed a post-sentence motion on June 16, 2015, seeking to withdraw his guilty plea and in the alternative, challenging the discretionary aspects of sentencing. On October 19, 2015, Appellant's post-sentence motion was denied by operation of law. Appellant filed a timely notice of appeal on November 17, 2015.

On February 11, 2016, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement. The trial court issued a second order directing Appellant to file a Rule 1925(b) statement on March 23, 2016, due to defective service. Appellant filed his concise statement on April 12, 2016, and the trial court issued a Pa.R.A.P. 1925(a) opinion on May 4, 2016.

Appellant raises two issues on appeal, which we quote verbatim.

I.    Whether the trial court erred in not allowing [A]ppellant to withdraw his guilty plea where [A]ppellant was so mentally deficient at the time of the plea that he did not enter the plea knowingly, intelligently[,] or voluntarily?

II.   With respect to the sentence imposed upon [A]ppelllant by the lower court, did that court abuse its discretion by imposing an aggregate sentence of not less than 5, nor more than 15, years of incarceration followed by 10 years of probation?

Appellant's Brief at 6.

First, Appellant argues that the trial court erred in accepting his guilty plea because he did not enter the plea knowingly, intelligently, or voluntarily. It is well established "that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjursidictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted). "There is no absolute right to withdraw a guilty plea." *Commonwealth v. Broaden*, 980 A.2d 124, 128 (Pa. Super. 2009) (citations omitted). In order to withdraw a guilty plea following the imposition of sentence, "a defendant must demonstrate that manifest injustice would result." *Id.* at 129. "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." *Id.* (citations omitted). Moreover, "the court must examine the totality of circumstances surrounding the plea." *Id.* (citations omitted). Furthermore,

> [t]he longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statement he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa. Super. 2007) (quoting *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted)).

In the matter *sub judice* the following questions and answers were provided during the guilty plea colloquy on March 11, 2015.

[Trial Court ("Q")]: Did you have any trouble understanding this form as you went over it with your attorney?

[Appellant ("A")]: No, Your Honor.

Q: Are you familiar with the alleged conduct in this case, and what the Commonwealth would have to prove in order that you be found guilty?

A: Yes.

Q: Are you satisfied with the services of your attorney so far?

A: Yes.

***

Q: Are you under the influence of any drugs or alcohol?

A: No.

Q: Have you taken any medication within the past 48 hours?

A: No.

Q: Have you ever been diagnosed with a mental condition?

A: Yes.

Q: What is that?

A: Anxiety, bipolar[,] and depression.

Q: Are you taking any medications for any of those conditions?

A: No.

Q: Do you have any trouble understanding what's going on here today?

A: No.

N.T. Guilty Plea, 3/11/15, at 6-7. Appellant cites to *Turetsky* for the proposition that "mental health issues of the defendant that were not revealed during the guilty plea colloquy raised sufficient grounds for the case to be remanded for at least a hearing to determine whether the defendant was competent at the time of the plea." Appellant's Brief at 13 (citing *Turetsky*, 925 A.2d at 881). However, Appellant's argument is flawed as the guilty plea colloquy in the matter *sub judice* identified Appellant's diagnosis of anxiety, bipolar, and depression. The trial court followed up and asked if Appellant had any trouble understanding what was occurring, and Appellant responded in the negative. Furthermore, at sentencing defense counsel stated "[s]o the pre-sentence report - - obviously he was incompetent even at the time – possibly at the time of the guilty plea. But I spoke to him again today, after he's been placed on the medication. He still wishes to proceed this way." N.T. Sentencing, 6/8/15, at 5. Thus, based upon the totality of the circumstances, Appellant's guilty plea was knowing, voluntary, and intelligent. Therefore, the trial court did not err when it denied Appellant's post-sentence motion to withdraw a guilty plea.

Appellant's next argument is that the trial court abused its discretion when it fashioned Appellant's sentence.[2] In order to challenge the

_____

[2] In order to challenge the discretionary aspects of sentencing, an appellant must raise the issue in a post-sentence motion, file a timely appeal, include a Pa.R.A.P. 2119(f) statement in appellant's brief, and present a substantial question for review. *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.
*(Footnote Continued Next Page)*

discretionary aspects of sentencing, an appellant must present "a substantial question that the sentence appealed from is not appropriate under the Sentencing Code." *Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015). Moreover, a substantial question is determined on a case-by-case basis. *Id.* (citing *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.*

Appellant contends that his sentence is in the upper end of the standard range and the 15-year tail is greater than an aggravated sentence. "[W]hen the sentence is within the range prescribed by statute, a challenge to the maximum sentence imposed does not set forth a substantial question as to the appropriateness of the sentence under the guidelines." *Commonwealth v. Kimbrough*, 872 A.2d 1244, 1263 (Pa. Super. 2005) (quoting *Commonwealth v. Brown*, 587 A.2d 4, 6 (Pa. Super. 1991)). Thus, Appellant has failed to present a substantial question regarding the excessiveness of the sentence imposed. Moreover, Appellant's assertion that the trial court did not consider mitigating factors is belied by the record

*(Footnote Continued)* ────────────

Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013) (citing *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa. Super. 2006)).

and Appellant's brief. In his brief, Appellant asserts "the lower court found that there were mitigating factors. Those factors were Appellant's mental health history and his acceptance of responsibility." Appellant's Brief at 16. Furthermore, the trial court had the benefit of a presentence investigation report (PSI). "Our Supreme Court has determined that where the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010). Thus, Appellant has failed to raise a substantial question regarding the trial court's failure to consider mitigating factors.

Even if Appellant raised a substantial question, Appellant's claim lacks merit. Our standard of review regarding a challenge to the discretionary aspects of sentencing is well established.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Solomon*, 151 A.3d 672, 677 (Pa. Super. 2016) (quoting *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (additional citations omitted)).

In the matter *sub judice*, the trial court sentenced Appellant to a standard range sentence. In fashioning the sentence, the trial court

> considered the mental health report, the modified pre-sentence report and sentencing guidelines along with the arguments of both counsel, exhibits C-1 and C-2 and [Appellant's] alocution [(sic)].
>
> I find some strong mitigating factors that include [Appellant's] mental health history. And I also find, as a mitigating factor, the fact that he's accepted responsibility.
>
> I understand the Commonwealth's position that he cannot or will not cooperate with the investigation by providing the identity and/or whereabouts of the man in the checkered shirt.
>
> But nonetheless, that is his right. That's not an aggravating factor. So, while I recognize it, it won't count against him.
>
> On the otherhand [(sic)], there are compelling aggravating factors which include the circumstances of [Appellant]. The video shows certain callousness even though his physical role in it was not as great.
>
> It shows a callousness that's more than consistent with his long history of serious violence. It highlights a need to protect the society against this individual.
>
> His history also shows that he doesn't do well under supervision given his numerous convictions. At the age of 25, he's got 13 arrests, seven convictions, eight violations[,] and one revocation.
>
> Also the effect on the victim, who is elderly and a veteran. Again, even though his participating, physically, didn't even come close to the man in the checkered shirt, it shows predatory tendency that's disturbing. It shows a danger to society.
>
> This sentence is also intended to address [Appellant's] rehabilitative needs, among which, are mental health treatment and substance abuse treatment.

I would agree with [Appellant's] own recognition that while he's in custody, he has no access to unlawful controlled substances.

So, taking all of this into account, balancing the various interests to protect the society, the rehabilitative needs of [Appellant]; just punishment for the offense, general and specific, on aggravated assault, graded as a felony of the first degree, 5 to 15 years incarceration.

I'm also considering the sentencing guidelines, in this case, which are 48 to 60 plus or minus 12. I note that this part of the sentence is within the guidelines.

Again, I think it's good that [he] accepted responsibility because it would have been much more since this is worse than any other "agg" assaults in his history.

N.T. Sentencing, 6/8/15, at 35-38. Upon review of the record the trial court did not abuse its discretion when it sentenced Appellant. The trial court considered numerous factors and specifically noted both mitigating and aggravating circumstances. Moreover, the trial court had the benefit of a presentence investigation report. Thus, Appellant's argument fails.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2017