J-S46020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DAVID DWAYNE POINDEXTER | : | |
| Appellant | : | No. 696 WDA 2025 |

Appeal from the Judgment of Sentence Entered May 7, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001466-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DAVID DWAYNE POINDEXTER | : | |
| Appellant | : | No. 858 WDA 2025 |

Appeal from the Judgment of Sentence Entered May 17, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003385-2023

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: JUNE 2, 2026**

Appellant David Dwayne Poindexter appeals from the judgment of sentence imposed after he pled guilty to aggravated assault – deadly weapon and conspiracy at Docket No. 1466-2023 and involuntary manslaughter and recklessly endangering another person (REAP)[1] at Docket No. 3385-2023.  On

---

[1] 18 Pa.C.S. §§ 2702(a)(4), 903, 2504(a)), and 2705, respectively.

appeal, Appellant challenges the discretionary aspects of his sentence. We affirm.

By way of background, Appellant pled guilty to the above-referenced offenses on May 7, 2025. That same day, after Appellant waived a presentence investigation (PSI) report, the trial court sentenced Appellant to an aggregate term of thirty-three to ninety-six months' incarceration followed by five years' probation. Specifically, at Docket No. 1466-2023, the trial court sentenced Appellant to eighteen to thirty-six months of incarceration and a consecutive term of three years' probation for aggravated assault, and a concurrent term of three years' probation for conspiracy. At Docket No. 3385-2023, the trial court sentenced Appellant to fifteen to sixty months of incarceration for involuntary manslaughter and a consecutive term of two years' probation for REAP. All of Appellant's minimum sentences were within the mitigated range of the Sentencing Guidelines.[2,3]

---

[2] 204 Pa. Code § 303.16(a).

[3] At the time of sentencing, Appellant's prior record score (PRS) was a five.

The offense gravity score (OGS) for aggravated assault – deadly weapon and conspiracy were both an eight. Therefore, the standard-range minimum sentence for both offenses was twenty-seven to thirty-three months, plus or minus nine months for mitigating or aggravating circumstances.

The OGS for voluntary manslaughter was a six, which carries a standard-range minimum sentence of twenty-one to twenty-seven months' incarceration, plus or minus six months for aggravating or mitigation circumstances.

*(Footnote Continued Next Page)*

Appellant filed a timely post-sentence motion, which the trial court denied. Appellant subsequently filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claim.

On appeal, Appellant raises the following issue for review: "Did the trial court abuse its discretion when it sentenced [Appellant] to a period of incarceration of thirty-three to ninety-six months followed by five years of probation?" Appellant's Brief at 3 (some formatting altered).

Specifically, with respect to Docket No. 3385-2023, Appellant argues that his sentence was "clearly unreasonable," as it was inconsistent with his rehabilitative needs. *Id.* at 11. Initially, Appellant acknowledges that his minimum sentence was within the mitigated range and that the Sentencing Guidelines only set forth the range for a defendant's minimum sentence. *Id.* at 16. However, Appellant contends that his maximum sentence, when "divided by two, corresponds to an aggravated-range sentence of incarceration" and that because "[n]othing in the record or in the trial court's opinion justified the imposition of a maximum sentence" which placed him in the aggravated-range of the sentencing guidelines. *Id.* Appellant also argues that the "issue is further compounded by the [t]rial [c]ourt's decision to sentence consecutively at both cases," which resulted in an aggregate

---

Finally, the OGS for REAP was a three, which carries a standard-range minimum sentence of six to sixteen months, plus or minus three months for aggravated or mitigating circumstances.

- 3 -

sentence that was clearly unreasonable under the circumstances of both cases. *Id.* at 17.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question

exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved a discretionary sentencing issue by raising it in his post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. ***See Corley***, 31 A.3d at 296. Further, Appellant's claim raises a substantial question for our review. ***See Commonwealth v. Swope***, 123 A.3d 333, 339-40 (Pa. Super. 2015) (concluding that the appellant raised a substantial question raised where he challenged consecutive sentences were excessive and claimed court failed to consider rehabilitative needs and mitigating factors); ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (explaining that a claim that a sentence was excessive raised in conjunction with a claim that the trial court failed to consider mitigating factors raises substantial question).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Raven*, 97 A.3d at 1253-54 (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant." *Commonwealth v. Fullin*,

892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Commonwealth v. Schutzues**, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted)*, overruled on other grounds by* **Commonwealth v. Seals**, --- A.3d ---, 2026 WL 739101 (Pa. Super. filed Feb. 17, 2025) (*en banc*).

Additionally, the trial court "must consider the sentencing guidelines." **Fullin**, 892 A.2d at 848 (citation omitted); **see also** 204 Pa. Code § 303.9(e) (reflecting that the numbers used for the ranges set forth in the sentencing guidelines reflect the minimum sentence for each offense); **Commonwealth v. W. Brown**, 587 A.2d 4, 5-6 (Pa. Super. 1991) (explaining that by their terms, the sentencing guidelines apply only to the minimum sentence imposed by the trial court).

"Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. [An a]ppellant is not entitled to a 'volume discount' on his multiple convictions by the imposition of concurrent sentences." **Commonwealth v. C. Brown**, 249 A.3d 1206, 1216 (Pa. Super. 2021) (citations omitted and formatting altered).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all

witnesses firsthand. *See Commonwealth v. Kurtz*, 294 A.3d 509, 536 (Pa. Super. 2023), *affirmed*, 348 A.3d 133 (Pa. 2025). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors." *Id.* (citation omitted).

Here, at sentencing, the trial court acknowledged that Appellant accepted responsibility for his crimes and agreed to cooperate with the Commonwealth in their prosecution against his co-defendant. **See** N.T. Sentencing Hr'g, 5/7/25, at 26. However, the trial court also noted that Appellant's PRS was a five and that he had already been on probation when he committed the instant offenses. *See id.*

In its Rule 1925(a) opinion, the trial court explained:

When imposing a sentence, this court is required to consider, among other things, the protection of the public, the gravity of the offense in relation to the impact on the victims and community and the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b). Appellant's mere unhappiness with his sentence does not constitute grounds for relief. "Since the court more than adequately considered the pertinent sentencing factors and merely weighed them in a manner inconsistent with Appellant's desires, we find his [only] issue does not entitle him to relief." *Commonwealth v. Dodge*, 77 A.3d 1263, 1276 (Pa. Super. 2013). This court considered these statutory factors in sentencing Appellant. On the involuntary manslaughter case, this court noted that, in contrast to his codefendant, Appellant had a [PRS of five] and was on probation at two cases when he committed this offense.

This court noted at sentencing that Appellant accepted responsibility for his actions and agreed to cooperate in the prosecution of his co-defendant. These factors were given considerable weight as this court sentenced in the mitigated range

at the minimum. However, this court also noted that Appellant remained on probation on cases from 2011 and 2013, which suggested a poor history of supervision in the community. The maximum sentence imposed of sixty months reflects this court's concern that a longer period of incarceration may be necessary to fully rehabilitate Appellant. Taken together, this sentence gives Appellant the opportunity to return to society relatively soon if he commits to his efforts at rehabilitation and if he is unwilling or unable to do so, the community shall remain protected for extended period.

At the aggravated assault case, Appellant and an unidentified individual who Appellant knows, beat up a person who has known Appellant for fifty years. They broke his nose and his eye socket, and they knocked out his teeth. Nonetheless, this court sentenced Appellant in the mitigated range of the Sentencing Guidelines, based on his taking responsibility for his conduct. "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Mowy*, 992 A. 2d 162, 171 (Pa. Super. 2010). Mitigated range sentences would presumably have even greater validity.

Trial Ct. Op., 8/4/25, at 4-5 (some formatting altered).

Following our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. As noted, the trial court considered the required sentencing factors, including Appellant's mitigating factors, and ultimately imposed minimum sentences for each offense within the mitigated range of the Sentencing Guidelines. N.T. Sentencing Hr'g, 5/7/25, at 26-27. We will not re-weigh the trial court's consideration of the relevant sentencing factors on appeal. *See Kurtz*, 294 A.3d at 536. Further, we conclude that the trial court did not abuse its discretion in imposing consecutive sentences, as it is well settled that defendants convicted of multiple criminal offenses are not entitled to a volume discount by the

imposition of concurrent sentences. *See C. Brown*, 249 A.3d at 1216. Finally, to the extent Appellant claims that his maximum sentences placed him in the aggravated range for sentencing purposes, we reiterate that the Sentencing Guidelines reflect the recommendations for a defendant's minimum range sentence, and not the maximum. *See* 204 Pa. Code § 303.9(e); *W. Brown*, 587 A.2d at 5-6. Therefore, we have no basis to conclude that Appellant's sentence was clearly unreasonable. *See Raven*, 97 A.3d at 1253-54.

For these reasons, we conclude that Appellant is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 6/2/2026